### 19960. DANIELS *v.* THE STATE.

Wyatt, Presiding Justice. Sallie Daniels, a female, was convicted in the City Court of Sandersville of possessing non-tax-paid whisky. Upon arraignment, she challenged the array of jurors raising certain constitutional questions. The challenge to the array was overruled. Her motion for new trial was denied, and the exception here is to that judgment. *Held:* The only question insisted upon in this court is that the challenge to the array of jurors was improperly overruled, and for that reason a new trial should be granted. The challenge to the array attacked as unconstitutional the act of the General

Assembly, Ga. L. 1953, Nov.-Dec. Session, p. 284, upon the ground that this act, providing jury service for women, allowed women to be left off of the jury list simply by their written request to be left off; that as a result of this provision of the act, the names of only three women appeared in the jury box of the court in which plaintiff in error was tried; and that she was thus discriminated against as a woman defendant. It was further contended that this act of the General Assembly violated the due-process clauses of the State and Federal Constitutions, as well as other provisions of these Constitutions. If these contentions of the plaintiff in error were sustained, the law applicable would be Code (Ann.) § 59-106 as it existed before the amendment here under attack was enacted. The law then would be that only men would be qualified to serve. Therefore, the plaintiff in error would accomplish nothing, in so far as this case is concerned, if the act under attack should be declared unconstitutional. Under the rule so many times enunciated by this court, to the effect that an act of the General Assembly will be declared unconstitutional only when it is necessary to do so or when the person making the attack derives some benefit therefrom, the constitutional questions here sought to be raised will not be decided. This being true, the judgment under attack is not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

SUBMITTED JANUARY 14, 1958—DECIDED FEBRUARY 10, 1958.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.