23094.   HINSON v. FIRST NATIONAL BANK
IN WAYCROSS.

Argued September 14, 1965—Decided October 7, 1965.

410

*Gibson, McGee & Blount, Lamar Gibson,* for plaintiff in error.
*J. Edmund Pedrick, E. Kontz Bennett,* contra.

QUILLIAN, Justice. ■ The defendant J. B. Hinson, plaintiff in error here, contends the venue provision of *Code Ann.* § 37-608 is unconstitutional.

The defendant was an endorser of the note and the action was brought in the county where the maker of the note (J. B. Paul Hinson) resided. The Georgia Constitution provides: "Suits against the maker and endorser of promissory notes . . . or like instruments, residing in different counties, shall be brought in the county where the maker or acceptor resides." Art. VI, Sec. XIV, Par. V (*Code Ann.* § 2-4905); *Code* § 3-205. Hence, venue of this case is properly in Charlton County and no harm accrued to the defendant because of the provision in the statute. This court has many times held that it will not render advisory opinions or pass upon the constitutionality of a statute unless it deprives a party of substantial rights. "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack." *South Ga. Nat. Gas Co. v. Public Service Comm.,* 214 Ga. 174 (1) (104 SE2d 97), and cases therein cited.

■ The defendant also contends the statute is unconstitutional in that it provides for the judge to hear and pass upon the evidence, which deprives the defendant of the right to a trial by jury.

Here again if we found the statute to be unconstitutional the bank would, under the law prior to 1935, be entitled to proceed directly to obtain a deficiency judgment without the necessity of obtaining an order of confirmation. Such a ruling clearly

would be of no possible benefit to the defendant. "An Act of the General Assembly will be declared unconstitutional only when it is necessary to do so or when the person making the attack derives some benefit therefrom." *Daniels v. State,* 213 Ga. 833, 834 (102 SE2d 27). See *Cone v. State,* 184 Ga. 316, 323 (191 SE 250).

■ The remaining question presented by the demurrers to the pleadings is whether the application was subject to general demurrer for failure to allege what was the true market value of the property sold. *Code Ann.* § 37-608 provides merely that one "report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, . . ." and under *Code Ann.* § 37-609, "The court shall require evidence to show the true market value of the property." As against general demurrer, there is no requirement that the one asking for confirmation must affirmatively allege what the true market value is.

■ The defendant attacks the final judgment confirming the sale as being contrary to law. This raises the question of whether there was any evidence to support the judgment. *Jackson v. Sapp,* 210 Ga. 134 (1) (78 SE2d 23). The plaintiff in error urges three reasons why the evidence fails to support the judgment. We will discuss only the one basis found to be meritorious.

The statute, Ga. L. 1935, p. 381, applies only to real property and provides: "The court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale." *Code Ann.* § 37-609. The property covered by the security instrument, consisting of both real and personal property, was sold for the lump sum of $21,000. Although it was shown that the market value of the real and personal property was approximately $19,000, allocating $8,900 for personalty and $10,100 for the realty, there was no evidence as to what each species of property sold for separately. For this reason, the defendant contends there was no evidence to sustain the judgment that the real property sold brought its true market value. We are constrained to agree with this view. For, it is apparent that one can only

speculate whether, out of the lump sum of $21,000, the portion attributable to the real property was equal to or in excess of the amount set forth as such real property's true market value, to wit, some $10,100.

In such circumstances, the trial court should have ordered a resale of the property, at which the real and personal property would be sold separately.

The final judgment must be

*Reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*