24285. NORTHEAST FACTOR & DISCOUNT COMPANY, INC. et al. v. JACKSON, Superintendent of Banks.

SUBMITTED SEPTEMBER 14, 1967—DECIDED OCTOBER 20, 1967.

Alton T. Milam, for appellants.

Arthur K. Bolton, Attorney General, Coy R. Johnson, Harold N. Hill, Jr., Assistant Attorneys General, Robert J. Castellani, for appellee.

NICHOLS, Justice. ■ The first question to be dealt with concerns the plaintiff's demurrers to an amendment filed to the defendants' answer. In such amendment the defendants seek to attack the constitutionality of two amendments to the Georgia Banking Law. One of the amendments to said Act was by its terms not effective until after the filing of the present petition and could in nowise affect the rights of the defendants. An attack made upon the constitutionality of an Act of the General Assembly to be valid must be made by a party whose rights are affected and who therefore has an interest in such Act. See *South Ga. Nat. Gas Co. v. Ga. Public Service Comm.*, 214 Ga. 174 (104 SE2d 97), and citations.

The remaining statute attacked is Paragraph (a) of *Code* § 13-204 as amended by the Act of 1960 (Ga. L. 1960, p. 1170). The statute attacked reads in part as follows: "(a) No individual, partnership, person, firm, company, or voluntary association, shall carry on or conduct a banking business in this state without being chartered and organized under the Banking Laws of

this State or of the United States; provided, however, any private bank or banker lawfully engaged in the banking business prior to the adoption of this section may, upon being in compliance with subsections (b), (c) and (d) hereof and the other provisions of this Title applicable to private banks or bankers, continue to conduct a banking business in the same city, town or community in which he is presently situated and doing a banking business, including the continuous operation of any presently existing private bank by heirs, executors or assigns." The attack made is that the statute permits corporations to engage in the banking business while prohibiting individuals from so doing. The Fourteenth Amendment to the Constitution of the United States (*Code* § 1-815), as well as Art. I, Sec. I, Par. II (*Code Ann.* § 2-102) and Art. I, Sec. I, Par. III (*Code Ann.* § 2-103), are relied upon to support such attack.

This attack need not be passed upon since, as will be shown hereinafter, the defendants would gain no benefit from a decision declaring such Act unconstitutional. See *Hinson v. First Nat. Bank,* 221 Ga. 408 (144 SE2d 765); *Daniels v. State,* 213 Ga. 833, 834 (102 SE2d 27); *Cone v. State,* 184 Ga. 316, 323 (191 SE 250).

■ The trial court did not err in overruling the defendants' demurrers to the plaintiff's petition inasmuch as the petition alleges that the defendants, one an individual and the other a superior-court chartered corporation, have engaged in the banking business by continuing the operation of The Exchange Bank. The Constitution (Art. III, Sec. VII, Par. XVII; *Code Ann.* § 2-1917), limits the grant of corporate banking powers to the Secretary of State. Accordingly, the exercise of such powers by a superior-court chartered corporation would authorize the Superintendent of Banks to petition for the appointment of a receiver to liquidate the banking business, inasmuch as it has been held that the banking law applies to corporations doing a "banking business" whether chartered by the Secretary of State or otherwise. See *Bankers Savings &c. Co. v. Better Business Division Atlanta Chamber of Commerce,* 177 Ga. 334 (170 SE 291).

■ The pleadings of the Superintendent of Banks to support

the prayers for an injunction prohibiting the defendants from operating The Exchange Bank and for the appointment of a receiver to liquidate the bank are based upon allegations (1) that the transfer from the superior-court chartered corporation to Ross was a sham to avoid *Code Ann.* § 13-204; (2) that the transfer was void since the corporation was without power to buy or sell The Exchange Bank and; (3) that the bank was insolvent.

*Code Ann.* § 13-204, on which the Superintendent of Banks relies, expressly states that the "heirs, executors and assigns" of those presently engaged in private banking may continue the operation of such private banks. It must be assumed that the General Assembly placed no limitation on the right to dispose of a valuable right by the owners of private banks because they realize that to do so would be a violation of the Due Process clauses of the State and United States Constitutions. As was held in *Beall v. Beall,* 8 Ga. 210 (7), "An individual's right to his property consists, not only in its present enjoyment, but also its future disposition, and he can be deprived of neither, except for public uses, without his consent."

While a superior-court chartered corporation could not operate a private bank it could purchase and sell the same. There could be no limitation on the original owner's right to dispose of the bank, nor could there be any limitation upon the superior-court chartered corporation's right to dispose of it after purchasing the same from the original owner. The bills of sale introduced upon the hearing showed that the two transfers took place on the same day and all the oral testimony adduced upon the hearing showed that the operation of the bank was actually carried on by James A. Ross individually from the time of its sale by the original owner. The contention that the transfer from Northeast Factor & Discount Company, Inc. to Ross was a sham was not supported by the evidence. The only evidence on such issue dealt with a mistake of the scrivener of the original bill of sale, which mistake was corrected by the second bill of sale executed on the same date. Under such circumstances it was not necessary to have the original bill of sale reformed. The alleged error was corrected by the second bill of sale and, as has often

been said, the law does not require a vain thing, which a petition for reformation under such circumstances would be.

The sole evidence with reference to the financial standing of the bank showed solvency, not insolvency. Accordingly, it was an abuse of discretion to fail to dissolve the temporary restraining order.

*Judgment affirmed in part; reversed in part. All the Justices concur.*