## 51290. TIFTON CORPORATION et al. v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION.

EVANS, Judge.

Tifton Corporation executed and delivered to Decatur Federal Savings & Loan Association a loan deed and note for $376,000 for the construction of an apartment project in Buford, Georgia. Later Tifton and Alton K. Bruce executed a loan deed and note to Decatur Federal for the permanent financing of the apartments in the sum of $393,000. The first loan deed and note were not canceled.

The loan became in default and Decatur Federal exercised the power of sale contained in the loan deed and sold the property, bidding it in itself for a lump sum bid of $300,589.

Application was made to confirm the sale; and Tifton and Bruce opposed the same. Motions to dismiss and deny the application were made on the following grounds: (1) The price paid at the foreclosure was less than the true market value; (2) Both real and personal property here were foreclosed and sold in a single bid, making it impossible to determine the amount bid on the real property; (3) The published notice of sale did not identify the person in possession of the property; and (4) Decatur Federal chilled the bidding by failing to satisfy and cancel the senior security interest.

At the hearing, all grounds in opposition to the application were denied, and the sale was confirmed and approved. Respondents Tifton and Bruce appeal. *Held:*

1. Respondents base their complaint as to the claim that both real and personal property were foreclosed in the bid upon the case of *Hinson v. First Nat. Bank,* 221 Ga. 408 (144 SE2d 765), which holds that where both real and personal property are sold for a lump sum at foreclosure, speculation is required to determine if the portion attributable to the real property was equal to or in excess of the amount set forth as the real property's true market value. One of the respondents testified that he attributed $6,000 to the value of the stoves and refrigerators located within each of the units in the apartment complex located on the property. This is the sole testimony as to any

personal property being involved, but there is absolutely no testimony to show that the stoves and refrigerators were not installed in and attached to the property so as to become a part of the realty. Even so, anything intended to remain permanently in place such as fencing, fixtures, stoves and refrigerators, is a part of the realty and passes with it. Code Ann. § 85-105. See also *Wolff v. Sampson,* 123 Ga. 400, 402 (51 SE 335). At page 403, *Wolff* holds in the absence of an agreement to the contrary, trade fixtures attached to the purpose for which the building was constructed, will pass under the instrument that conveys title to the realty. " 'Whatever is placed in a building subject to a mortgage, by a mortgagor or those claiming under him, to carry out the obvious purpose for which it was erected, or permanently to increase its value for occupation or use, becomes a part of the realty, although it may be removed without injury to itself or the building.' " *Cunningham & Co. v. Cureton,* 96 Ga. 489, 493 (23 SE 420). Thus under the evidence here, there was no evidence showing that the foreclosure involved real and personal property so as to involve the question of value as between real and personal property. The *Hinson* case is not in point.

2. Decatur Federal was the holder of the two loan deeds outstanding on the property. Respondents contend that anyone examining the records after reading the sale notice would believe the property was sold subject to an outstanding first lien in favor of someone else, thus chilling the sale. But this was not shown by the notice of sale. *In the unlikely event that any° interested person should have examined the records and remained unenlightened that the sale by Decatur Federal would reach both loan instruments into the deed under the power of sale made by Decatur Federal, such uncertainty could have been removed by the making of inquiries of either party to the loan deeds.* See *Universal Chain Theatrical Enterprises, Inc. v. Oldknow,* 176 Ga. 492 (2) (168 SE 239).

3. During the hearing, the court excluded evidence as to appraisals of the value of the property made at least 18 months prior to the date of foreclosure. This was the appraised value made by Decatur Federal at the time of the loan and was not the value as of the date of foreclosure.

The only evidence offered by the respondents was that of the value of the property at a time prior to the time of the sale notwithstanding prior and subsequent periods of value. *McLaren v. Birdsong & Sledge,* 24 Ga. 265 (5); *Oxford v. Ellis,* 117 Ga. 817 (45 SE 67); *Jones v. Smith,* 206 Ga. 162, 164 (56 SE2d 462); *Groover v. Simmons,* 161 Ga. 93, 94 (6) (129 SE 778).

Further, the court as a trier of facts heard the evidence and under Code § 38-102, could have drawn inferences from human experience from the connection of cause and effect, and observations of human conduct and applied its own opinion as to value from all the facts and circumstances.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 7, 1975 — REHEARING DENIED NOVEMBER 24, 1975 —

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Matthew H. Patton, Timothy P. Terrell,* for appellants.
*McCurdy & Candler, George H. Carley,* for appellee.