## 52117. KILGORE v. LIFE INSURANCE COMPANY OF GEORGIA.

McMURRAY, Judge.

Following default, Life Insurance Co. of Ga. exercised the power of sale contained in a loan deed and sold the property, bidding it in itself for a lump sum bid of $575,000.

Application was made to confirm the sale, and the original maker of the loan deed and note, F. H. Kilgore, Jr., opposed the application, contending that the property was not sold for the amount of its true market value; the tenants in possession of the property were not served; a full and complete description of the property was not contained in the advertisement of sale; and the real and personal property were not sold separately so as to show the true market value of the real property sold.

After a hearing the court rendered its findings of fact and among other things found that "only realty was described in the notice of sale and only realty was sold," that is, that realty meant all buildings, structures and fixtures as provided by law; and that the true market value of the realty was "no more than $575,000." The

court then concluded as a matter of law that the realty described was sold at public sale and in full compliance with the terms and all requirements of law for its true market value on the date of the sale, and the sale was confirmed. The defendant-respondent, Kilgore, appeals. *Held:*

1. Defendant first contends that there was testimony showing that both real and personal property was sold for a lump sum, hence there was no evidence to sustain the judgment that the real property sold brought its true market value, citing *Hinson v. First Nat. Bank,* 221 Ga. 408 (4), 411 (144 SE2d 765). This was based on the legal advertisement which provided that "real and personal property" described in the deed were to be sold. However, no personal property was thereafter described. This contention is likewise based on certain testimony of expert witnesses that a bid price for the value of "furnishings" was taken into account and that the estimated value of the furnishings was $48,000 in determining the ultimate bid price of $575,000. But evidence is lacking that these so-called "furnishings" were the sale of personal property and that same was not attached to the realty. The evidence here fails to disclose that real and personal property was being sold so as to involve the question of value as between real and personal property; and the *Hinson* case, supra, is not in point. See *Tifton Corp. v. Decatur Federal Savings &c. Assn.,* 136 Ga. App. 710 (1), 711 (222 SE2d 115).

2. The question of value is a question of fact for determination by the trior of fact (the trial judge in this instance), and his determination should not be disturbed by a reviewing court if there is any evidence to support it. *Thompson v. Maslia,* 127 Ga. App. 758, 764 (4) (195 SE2d 238); *Nat. Community Builders v. C. & S. Nat. Bank,* 232 Ga. 594, 596 (III) (207 SE2d 510). Considerable evidence was offered as to the condition of the property which apparently was in a run-down condition, much of it uninhabitable, and the testimony of experts as to their method used in determining the bid price of $575,000. The evidence was ample to support the findings of fact as to value. There is no merit in this complaint. See *Palmer v. Howse,* 133 Ga. App. 619, 620 (1) (212 SE2d 2).

3. The next contention of the defendant is that he was entitled to a jury trial. It is only in certain cases that trial by jury shall remain inviolate. A right to trial by jury is no longer guaranteed by the Constitution in all cases, but only the continuance of the right existing at common law or by statute at the time of the adoption of the Constitution. See *Beasley v. Burt,* 201 Ga. 144, 150 (39 SE2d 51), and p. 151, which is a list of cases which may be tried without a jury. See also *Flint River Steamboat Co. v. Foster,* 5 Ga. 194 (8), 208; *Sutton v. Gunn,* 86 Ga. 652 (2), 655 (12 SE 979); *Green v. Austin,* 222 Ga. 409 (1), 413 (150 SE2d 346).

The statute in question here is in derogation of the common law and must be strictly construed. *Griffin v. Miller,* 29 Ga. App. 585 (116 SE 339); *Warren v. Walton,* 231 Ga. 495, 499 (202 SE2d 405). The statute here requires that the sale be reported to the judge of the superior court of the county in which the land lies for an order of confirmation and approval. See Code Ann. §§ 67-1503 through 67-1506; Ga. L. 1935, p. 381. No jury trial is required. Nor was there any written demand for trial by jury. We find no error in the fact that the court heard this case without the intervention of a jury.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED JUNE 10, 1976.

*Long & Aldridge, William E. Sumner, William F. Stevens, Clay C. Long, Laurens Walker, William F. Clark,* for appellant.

*Jason B. Gilliland, Daniel F. Hinkel, John A. Helms,* for appellee.