43764. TERRELL COUNTY v. ALBANY/DOUGHERTY HOSPITAL AUTHORITY.
(352 SE2d 378)

CLARKE, Presiding Justice.

The dispute here involves the county's obligation to pay for services extended to its indigent pregnant residents by a hospital in another county. Terrell County contests the constitutionality of the statute which requires such payment. The trial court found for the Albany/Dougherty Hospital Authority and we affirm.

The Hospital Care for Pregnant Women Act (OCGA § 31-8-40 et seq.) is the target of the constitutional attack. OCGA § 31-8-42 requires certain hospitals to provide emergency care to pregnant women in labor and the Albany/Dougherty Hospital falls in that group. OCGA § 31-8-43 (c) allows the hospital affording the services to make a claim for reimbursement of a portion of the costs from the county of residence of the patient if the patient is found to be indigent. The mechanics for asserting the claim involve several steps. The hospital shall notify the Health Care Advisory officer of the patient's county of residence of the claim. Not later than sixty days after notification the health care advisory officer of the county must notify the hospital of his determination as to the indigency of the patient. "If the health-care advisory officer determines that the patient meets the indigency standard or if the health-care advisory officer of a county fails to respond to a request for determination of indigency from a hospital providing health care for such patient within the time limitation provided by this subsection, the county of residence of the patient shall be liable for the payment of cost of care of such patient in each hospital rendering . . . emergency services."

The Albany/Dougherty Hospital Authority (the hospital) made claims against Terrell County for services to five Terrell County residents. Determinations of indigency were made by the Health Care Advisory officer of Terrell County. The demand for payment by the

hospital was refused. The present litigation followed. Summary judgment was granted to the hospital and Terrell County appealed. As outlined by Terrell County, the issues involved in the case are: (1) whether OCGA § 31-8-40 is constitutional; (2) whether there is any genuine issue of material fact; (3) whether the hospital or individuals waived any rights under OCGA § 31-8-40 by the execution, delivery and acceptance of promissory notes; (4) whether there has been an effective payment and release; (5) whether the hospital's claims were properly presented to Terrell County as provided by OCGA § 36-11-1; (6) whether the claims of the hospital were for appropriate emergency services.

1. In its constitutional attack on the statute, the county complains that the legislation could force a political subdivision to incur obligations without submitting new debt to the voters for approval in violation of Art. IX, Sec. V of the Georgia Constitution of 1983. The county asserts that the statute is violative of Art. IX, Sec. IV, Par. I in that it might result in taxation to pay bills for residents who are not truly indigent if the health care advisory officer fails to process the hospital's claim within the time required by the statute. The county also attacks the statute as conflicting with Art. IX, Sec. IV, Par. II (which relates to the power of expenditure), Art. IX, Sec. II, Par. I (which relates to home rule) and Art. IX, Sec. III, Par. I (which relates to intergovernmental contracts). The county's argument in support of its position is that it might have a contract with the hospital to provide services and be forced to buy a claim under OCGA § 31-8-43 as well, thus paying the same bill twice. All of the above constitutional arguments rely on hypothetical facts which are not properly before the court. "The delicate power of pronouncing an Act of Congress unconstitutional is not to be exercised with reference to hypothetical cases . . . ." *United States v. Raines*, 362 U. S. 17, 22 (80 SC 519, 4 LE2d 524) (1960). Similarly, this court will not decide the constitutionality of an act of the legislature where the attack is made by a party whose rights have not been affected. *Northeast Factor &c. Co. v. Jackson*, 223 Ga. 709 (157 SE2d 731) (1967).

2. Another constitutional attack made by the county is that OCGA § 31-8-42 is violative of Art. IX, Sec. II, Par. III (b) (1) which prohibits a county from exercising certain enumerated powers inside the boundaries of any municipality or other county except by contract with the entity affected. Terrell County argues that since it has no contract with the political subdivision within which the hospital is located, it cannot constitutionally pay the claims of the hospital. However, the constitutional prohibition is prefaced by the words "unless otherwise provided by law." This exception applies to a general law such as OCGA § 31-8-43.

3. Terrell County also raises a variety of other issues. The first of

these is that the complaint fails to state a claim upon which relief can be granted. The basis of this allegation is that the complaint fails to set forth the statute under which the claim is made. The county's answer, however, shows on its face that the complaint was sufficient to make defendant aware of the nature of the claim against it and the statutory authority for that claim. The trial court did not err in this respect.

4. OCGA § 31-8-43 mandates the adoption of statewide standards of indigency by the Commissioner of Human Resources. In compliance with this statute, the Commissioner promulgated standards which appear at § 260-4-5-.05, Official Compilation, Regulations of the State of Georgia. The county takes the position that these standards are arbitrary, capricious, or otherwise unreasonable and enumerates as error the failure of the trial court to so hold. The county points to the fact that these standards fail to take into consideration the financial responsibility of the parents of minor females. Again, the county uses hypothetical fact not supported by the evidence to support its argument.

The county also complains of the DHR standards on the grounds that the medical assistance rates under Title XIX of the Social Security Act are calculated by using the cost of all indigent care cases rather than the cost of pregnancy and delivery. This attack on the cost of care, which as set out in the statute is tied to Title XIX of the Social Security Act, is without merit.

As part of the standards for determining indigency, the Commissioner allows for the consideration of the assets of the party but deducts from those assets so much of the value of real estate as qualifies for homestead exemption from ad valorem taxes and the exemption of real property which constitutes the principal residence of the patient, spouse or responsible party, but which does not qualify for a homestead exemption and the exemption of any other assets up to a total value of $10,000. There is another reduction by taking only 5% of the total assets figure and including it in the annual income. The county asserts that this formula lacks reasonableness. We cannot conclude that it does.

In regard to the argument that the regulations are invalid because the commissioner expanded the scope of the act by including intra partum and post partum care of the mother and a pediatric examination of the newborn, this argument is likewise invalid. The General Assembly may delegate to administrative offices or agencies the authority to make rules and regulations necessary to effectuate statutes of the General Assembly. *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734 (285 SE2d 913) (1982). As long as these regulations promote the general welfare and the purpose of the legislation and are not otherwise unconstitutional, they should be upheld.

5. Terrell County contends that OCGA § 31-8-40 et seq., is unconstitutionally vague and ambiguous. This enumeration of error is without merit.

6. An attack on OCGA § 31-8-40 et seq., as special legislation also fails. The statute operates statewide and is applicable to all hospitals authorized to operate as provided in the statute. "A law which operates uniformly upon all persons of a designated class is a general law within the meaning of the Constitution, provided that the classification thus made is not arbitrary or unreasonable." *C & S Nat. Bank v. Mann*, 234 Ga. 884, 889 (218 SE2d 593) (1975). Claims of the county that the statute grants gratuities, creates monopolies, and limits competition do not persuade us. The sums awarded were for actual services rendered. Arguments regarding gratuities, monopolies, and a stifling of competition are, again, based on hypothetical facts.

7. The county raises several interesting questions with respect to the patients involved in this litigation having signed and delivered promissory notes to the hospital. It is contended that the execution of the notes by the patients amounted to a waiver of indigency on their part and indirectly amounts to a waiver on the part of the hospital. In the context of this transaction and for the purposes of the statute in question, we do not find a waiver to have taken place, nor do we hold that the execution of the notes in any way satisfied the obligation of the county to provide medical service for indigent persons. The fact that the hospital made an effort to secure payment from the patients and thus lessen the obligation of the county should not militate against the interest of the hospital under the provisions of the act.

8. In a related contention the county argues that any actual payment by the patients involved constituted a payment and release. This enumeration is without merit inasmuch as the court in its order deducted payments actually made from the amount owed.

9. Finally, Terrell County contends that the hospital did not present its claim in accordance with OCGA § 36-11-1. As the trial court found, the requirements of OCGA § 36-11-1 apply to claims arising from contract and do not apply to a claim when the right to and amount of the claim is fixed by law. *Norris v. Nixon*, 78 Ga. App. 769 (52 SE2d 529) (1949). The trial court also correctly resolved the question of whether the services received were actually emergency services. No material question of fact remains that the services rendered were emergency services under the act.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 1987.

Collier & Bishop, Joe C. Bishop, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Perry, Walters & Lippett, C. Richard Langley,* for appellee.