A98A1279. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. PUTNAM COUNTY.
(506 SE2d 923)

ANDREWS, Chief Judge.

The Board of Regents of the University System of Georgia d/b/a the Medical College of Georgia (MCG) appeals from the trial court's

[1] This is the wording contained in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 34 (2nd ed.).

dismissal of its complaint against Putnam County for failure to comply with the ante litem notice statute, OCGA § 36-11-1. We agree with the judgment of the trial court and affirm.

This case arose as a result of a fight between two inmates at the Putnam County jail. One of the inmates, Eric Cooper, was taken to MCG after the fight. When MCG discharged Cooper several months later on December 5, 1995, his medical bills totaled $193,905.82.

On June 4, 1997, MCG filed a claim against Putnam County for the amount due on the bill. Putnam County filed a motion to dismiss, claiming that MCG did not comply with the ante litem notice required by OCGA § 36-11-1. The trial court granted the motion to dismiss and this appeal followed.

OCGA § 36-11-1 provides as follows: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims."

1. MCG argues that it was not required to provide ante litem notice to the county because the right to and the amount of the claim are fixed by law, citing to *Terrell County v. Albany/Dougherty Hosp. Auth.*, 256 Ga. 627 (352 SE2d 378) (1987). In *Terrell*, the court held that the Hospital Care for Pregnant Women Act, which required certain hospitals to provide emergency care to pregnant women in labor, also allowed the hospitals to make a claim for reimbursement of a portion of costs from the patient's county of residence if the patient was found to be indigent. *Terrell*, supra at 627. When faced with a claim under this Act, Terrell County claimed the hospital did not comply with OCGA § 36-11-1 in presenting its claim. The court held that the ante litem notice statute applies to claims arising from contract and does not apply to a claim when the right to and amount of the claim are fixed by law. *Terrell*, supra at 630. The court in *Terrell* cites *Norris v. Nixon*, 78 Ga. App. 769 (52 SE2d 529) (1949), which held that claims intended to come under the requirement of ante litem notice were those "claims growing out of contract or breach of duty." *Norris*, supra at 774 (2).

MCG contends that because OCGA § 42-5-2 (a) provides that the governmental unit or agency having physical custody of the prisoner must furnish him "any needed hospital attention," then the right to the payment and the amount of the payment for Cooper's hospitalization are fixed by law. We disagree.

While the law does provide that the prisoner has a right to any needed hospital attention, there is no law providing that the county must pay the hospital, as was the case in *Terrell*. The hospital is certainly entitled to demand payment for the services, but the right to the payment and the amount of the payment are not fixed by law in

this instance and the county was entitled to ante litem notice of the claim and the amount.

2. Next, MCG contends that even if ante litem notice is required, it complied with the 12-month notice requirement. The record shows that Cooper was discharged from MCG on December 5, 1995. MCG sent a bill for Cooper's expenses to the Putnam County jail on December 12, 1995. MCG faxed a copy of the bill to the Putnam County attorney on December 6, 1996.

MCG does not argue that sending the bill to the jail was sufficient presentation of the claim to the county, but does contend that notice to the attorney was sufficient and also that the notice was within the mandated 12-month period. MCG reasons that since its bills are due and payable 30 days from the date the last hospital service was rendered, the bill did not accrue or become payable until January 4, 1996, and the notice sent on December 6 was within 12 months of that date.

Although the hospital, for purposes of billing its patients, provides for a 30-day period in which the patients may pay their bill before it becomes overdue, this provision does not affect the 12-month provision of the statute. The statute provides that all claims must be presented within 12 months "after they accrue or become payable."

Black's Law Dictionary defines "accrue," in pertinent part, as "due and payable; . . . falling due; . . . incurred . . . ," and it defines "payable" as "[c]apable of being paid; suitable to be paid; . . . justly due; legally enforceable." Black's Law Dictionary 20, 1128 (6th ed. 1990). Therefore, applying these definitions, the day the bill was justly due or capable of being paid was the day Cooper was discharged from the hospital, December 5, 1996. Thus, MCG's notice to Putnam County on December 6, 1996, was outside the 12-month period. The trial court did not err in dismissing MCG's claim for failure to comply with the ante litem notice requirement of OCGA § 36-11-1.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 17, 1998.

*Thurbert E. Baker, Attorney General, James L. Lester, Martin L. Fierman,* for appellant.

*Huskins Law Firm, Christopher D. Huskins, Dorothy J. Adams,* for appellee.