A08A1584. MEADOWS et al. v. HOUSTON COUNTY.
(671 SE2d 225)

PHIPPS, Judge.

To alleviate reported flooding conditions on or about Tucker Road in Houston County, county workers went upon and began performing work on private property abutting the road. The property was owned by the James C. E. Meadows and Marie J. Meadows Family Partnership, L.P. When Marie J. Meadows, general partner of the partnership, discovered the activity upon the partnership's property, she immediately halted it as unauthorized by the partnership.

More than four years later, Meadows filed written notice with the county that its work on the partnership's property had created ongoing erosion problems. More than seven years after the incident, Meadows and the partnership filed suit against the county. The county moved for summary judgment, arguing among other grounds,

that all claims were barred for failure to give it timely notice of any claim as required under a one-year ante litem statute. The trial court ruled in favor of the county, and Meadows and the partnership appeal. We affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

It was February 18, 1999, when Meadows, who lived on the tract of land in question, discovered several county workers on the property. Already, the workers had widened and deepened an existing ditch that traversed the property to connect a pond thereon with a culvert underneath Tucker Road; dug a new ditch, beginning at the pond and terminating at a newly created hole upon the property; cleared away about 20 small trees that her family had planted alongside the old ditch; "motor graded" a country road that ran parallel to the old ditch to connect Tucker Road with an area near the pond; "motor graded" the ground between the old ditch and the country road; and tampered with and hauled off soil. Meadows demanded that the workers restore the property to its original condition. The workers, instead, left.

Meadows deposed that the work upon the property had caused sediment to flow into the pond because the workers had implemented no erosion control measures. According to Meadows, before the county workers disturbed the land, sediment was neither in nor flowing into the pond.

After the February 1999 incident, Meadows complained about the matter to numerous county officials. On November 1, 2001, Meadows executed a settlement agreement with the county to resolve the "ongoing dispute between Meadows and the County with regard to the County's liability and the condition of a pond located on Meadows' property and the accumulation of silt therein." The agreement specified that, before December 30, 2001, the county would: cause a survey to be performed "to delineate the boundaries

---

[1] *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003) (citations and punctuation omitted).

of the affected area and to document the existing elevation of the affected area"; "remove sediment from the pond area delineated by the stakes to a depth not to exceed 12 inches below existing elevation"; install a riprap check dam in the ditch feeding the mouth of the pond; contour the area west of the ditch and farm road for drainage; furnish topsoil if needed; and blade the road from Tucker road to the mouth of the pond.

Meadows agreed in the settlement agreement to give the county authority to enter the property to conduct the survey and perform the specified work. As to the county's liability, she agreed, "During and after the conclusion of the work described herein, County will not be responsible for any further sedimentation or staining of the pond that might occur as a result of silt removal." Meadows further agreed for named individuals of state and federal agencies to inspect the county's work; if they signed an affidavit that the work complied with the agreement and met specifications of their respective state and federal agencies, the county would be held "harmless from any liability as related to this Agreement."

Thus, in December 2001, county workers returned to the property and performed work. That same month, by letters (as opposed to affidavits) to the county engineer, the named individuals provided their conclusions that the county had successfully completed the work contemplated by the agreement, with one exception:[2] the road had not been bladed (noting further that grading in the area would result in additional erosion problems).

But Meadows disagreed that the county had complied with the agreement. As examples of noncompliance, she cited in her deposition: while the county had removed some of the sediment, it had not removed it all; while the county had installed a riprap dam, it was not tall enough, and "the silt is still coming in, going over that thing"; the county had not contoured the specified area for adequate drainage; the county had not brought in the soil she believed was required; and the county never bladed the road. Moreover, Meadows deposed that the county never performed "a second survey to quantify silt removal and insure proper drainage of the graded area"; never restored the old ditch to its original condition; and never installed trees to replace the ones cleared away.

In August 2003, Meadows sent the county written notice claiming that its workers had created problems upon the property, including the "design and construction" of ditches thereupon. On May 16, 2006, suit was filed. The complaint alleged theories of

---

[2] One of the individuals also noted that no permanent vegetation had been planted, but the written settlement agreement did not provide for same.

inverse condemnation, breach of contract, continuing trespass, and continuing nuisance. Having lost all claims on summary judgment, Meadows and the partnership appeal.

Meadows and the partnership argue that there was evidence that the erosion was ongoing, that the county had failed to comply with the settlement agreement, and that they are not bound by contrary conclusions set forth in the letters because the settlement agreement contemplated affidavits.

Even assuming that the alleged tort actions arose from the county's work upon the property in February 1999, Meadows agreed to release the county from any liability related to the matter if certain individuals signed affidavits that the county had successfully completed the work contemplated by the settlement agreement. Pertinently, that agreement set forth that the county would complete specific work items before December 30, 2001. And in that month, the identified individuals stated within letters their conclusions that the county had successfully completed the work contemplated by the settlement agreement with the noted and explained exception.

Meadows and the partnership argue that they are not bound by the individuals' conclusions because they were not set forth in affidavits. But, as supporting evidence for its summary judgment motion, the county filed affidavits by those individuals, wherein they attested to having reached the conclusions set forth within their letters. At any rate, to whatever extent Meadows believed that the county had not complied with the terms of the settlement agreement, compliance with the applicable ante litem statute was required before filing any lawsuit.

OCGA § 36-11-1 pertinently provides, "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred."[3] This Code section is interpreted so as to require that "such claims must be presented in writing, and a mere oral statement is insufficient."[4] It is undisputed that no written notice was provided to the county of any claim in connection with any work performed by its workers until August 2003. By this time, any action either contesting or contrary to the terms of the settlement agreement was barred.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

---

[3] See *Terrell County v. Albany/Dougherty Hosp. Auth.*, 256 Ga. 627, 630 (9) (352 SE2d 378) (1987) (requirements of OCGA § 36-11-1 apply to claims arising from contract and do not apply to a claim when the right to and amount of the claim is fixed by law).

[4] *Doyal v. Dept. of Transp.*, 142 Ga. App. 79, 80 (234 SE2d 858) (1977) (citations omitted).

DECIDED NOVEMBER 25, 2008 —
RECONSIDERATION DENIED DECEMBER 11, 2008.

*Lovett, Cowart & Ayerbe, Linwood R. Lovett, Matthew M. Myers,* for appellants.

*Williams, Morris & Blum, Gary K. Morris,* for appellee.