A10A1502. BELANS et al. v. BANK OF AMERICA, N.A.

(701 SE2d 889)

MIKELL, Judge.

R. Chris Belans and Avenue Homes, Inc. ("Avenue Homes"), appeal from the trial court's order confirming the foreclosure sales of three properties that Bank of America held as security for commercial loans to Avenue Homes, which loans were guaranteed by Belans and Tommy Newborn.[1] Because the sales did not satisfy the entire indebtedness to the Bank, the Bank was required to comply with the confirmation process before it could seek to obtain deficiency judgments against the guarantors.[2] On appeal, Belans and Avenue Homes assert that the trial court committed three errors: (1) it conducted a consolidated evidentiary hearing on three separate foreclosure sales; (2) it confirmed the sales where realty and personalty were sold together for a lump sum, with no evidence delineating the values of each; and (3) it confirmed the sales in the absence of competent evidence that the sales were properly advertised. Finding no error, we affirm.

Avenue Homes executed a total of three promissory notes in

---

[1] Newborn is not a party to this appeal. We note that Belans and Bank of America have recently appeared before this court three times in appeals of orders confirming foreclosure sales. In *Belans v. Bank of America*, 303 Ga. App. 35, 38-39 (2) (692 SE2d 694) (2010) (*Belans I*), *Belans v. Bank of America*, 303 Ga. App. 654, 656 (2) (694 SE2d 725) (2010) (*Belans II*), and *Belans v. Bank of America*, Case No. A10A0600, decided July 7, 2010, the last of which was not officially reported, we reversed orders confirming foreclosure sales because the evidence was insufficient as to the involved properties' fair market values.

[2] See OCGA § 44-14-161.

favor of the Bank, one in August 2005, and two in February 2007. Each promissory note was secured by property located in Paulding County, as evidenced by the Deeds to Secure Debt and Security Agreements. After Avenue Homes and its guarantors, including Belans, defaulted on the notes, the Bank foreclosed on all three properties on February 3, 2009. The first property, consisting of three substantially completed homes, sold for $491,000 at the foreclosure sale. The second property consisted of 13 developed lots and sold for $390,000. Finally, the third property consisted of 12 partially completed homes and sold for $1,220,000.

On March 4, 2009, the Bank reported the sales to a judge of the Superior Court of Paulding County and applied for confirmation of the three sales pursuant to OCGA § 44-14-161 (a). Appellants were served with notice of the hearing, set for December 1, 2009. At the hearing, the trial court denied appellants' request to conduct three separate evidentiary hearings and directed the Bank to present evidence pertaining to each property separately. During the hearing, the Bank called three witnesses, and appellants presented no evidence. The trial court entered an order confirming the foreclosure sales on all three properties, finding that the notice and advertisement were proper and that the sales satisfied the statute.

1. In their first enumeration of error, appellants argue that the trial court erred when it consolidated the confirmation hearings on the three foreclosure sales. Appellants argue that we must apply a de novo standard of review to this enumerated error because it concerns a question of law. Appellants are incorrect, as severance of claims "is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal."[3] We find no abuse of discretion here.

OCGA § 44-14-161, the statute governing nonjudicial foreclosures, provides as follows:

> (a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and

---

[3] (Citation and punctuation omitted.) *Vitner v. Funk*, 182 Ga. App. 39, 42 (1) (354 SE2d 666) (1987).

approval and shall obtain an order of confirmation and approval thereon.

(b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

(c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown.

The statute does not mandate a separate evidentiary hearing for each property foreclosed. Moreover, we have repeatedly affirmed orders confirming nonjudicial foreclosure sales where a consolidated hearing was held to confirm sales of multiple properties.[4]

2. Next, appellants argue that the order confirming the foreclosure sales should be reversed because the Bank presented no evidence as to the true market value of each property. Appellants specifically contend that each sale conveyed personalty and realty and that the Bank did not delineate the value of each. We disagree. "In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them."[5] Because the evidence amply supported the trial judge's conclusions in the case sub judice, this enumeration of error fails.

In support of their argument, appellants cite *Hinson v. First Nat. Bank in Waycross*,[6] wherein we reversed an order of confirmation where the sale conveyed both real and personal property together for a lump sum. There, the evidence showed that a certain portion of the sale amount had been allocated for personal property, but there was

---

[4] See *Belans I* (three properties); *Belans II* (two properties); *Kong v. Shearson Lehman Hutton Mtg. Corp.*, 211 Ga. App. 93 (438 SE2d 132) (1993) (four townhomes); *Armstrong v. California Fed. Sav. &c. Assn.*, 192 Ga. App. 508 (385 SE2d 113) (1989) (25 parcels of land).

[5] (Citation and punctuation omitted.) *Oates v. Sea Island Bank*, 172 Ga. App. 178 (1) (322 SE2d 291) (1984). See also *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454 (1) (415 SE2d 4) (1992) (the test on appellate review is whether the record contains any evidence to support the trial court's findings that the property brought its true market value at the foreclosure sale).

[6] 221 Ga. 408 (144 SE2d 765) (1965).

no evidence as to what each type of property sold for separately.[7] In the instant case, however, there was no testimony whatsoever that personal property was conveyed. Rather, appellants rely solely on the language in the deeds, purporting to convey real property as well as the personal property located thereon, as evidence that personal property was sold. But we rejected this same argument in *Tifton Corp. v. Decatur Fed. Sav. &c. Assn.*,[8] reasoning that

> [w]hatever is placed in a building subject to a mortgage, by a mortgagor or those claiming under him, to carry out the obvious purpose for which it was erected, or permanently to increase its value for occupation or use, becomes a part of the realty, although it may be removed without injury to itself or the building.[9]

In *Tifton*, we note that there was some testimony as to the value of appliances located in the property sold, but there was no testimony that they were not installed such they had not become a part of the realty.[10] Nonetheless, we concluded in that case that no personal property had been sold.[11] In this case, there was no testimony offered whatsoever as to the value of any personal property. The record shows instead that the foreclosure sale involved only the sale of real property.

As stated above, OCGA § 44-14-161 mandates that the court require evidence to show the true market value of the property sold and is not authorized to confirm the sale unless it is satisfied that the property sold for its true market value.[12] With reference to the first property, the Bank's expert appraiser, Jeffrey Bowling, testified as to the methodology he used to determine the value of each property sold. As to the properties sold in the first and third sales, he testified that the properties in the first had no appliances therein and that some in the third had no flooring, carpet, or appliances.[13] There was no testimony offered as to the nature of the appliances, such as would support appellants' argument that personal property was sold. Therefore, we conclude that Bowling's testimony constituted com-

---

[7] Id. at 411-412 (4).

[8] 136 Ga. App. 710 (222 SE2d 115) (1975).

[9] (Citation and punctuation omitted.) Id. at 711 (1).

[10] Id. at 710-711 (1).

[11] Id. at 711 (1). See also *Kilgore v. Life Ins. Co. &c.*, 138 Ga. App. 890, 891 (1) (227 SE2d 860) (1976) (confirmation affirmed where there was testimony of value of furnishings in record but there was no evidence that the furnishings were the sale of personal property, not attached to the realty).

[12] See OCGA § 44-14-161 (b).

[13] The second sale involved only undeveloped lots.

petent evidence and supported the trial court's conclusion that the properties were sold for their true fair market values.

3. In their final enumeration of error, appellants argue that the trial court's conclusion that the sales were properly advertised was not supported by competent evidence. Specifically, appellants object to the admission of the publisher's affidavits purporting to show that the advertisements were published in the official legal organ of Paulding County, arguing that they constituted hearsay and were unspecific as to the content of the published advertisements. At the confirmation hearing, however, appellants objected to the admission of the affidavits only on the grounds that they did not sufficiently prove that the required advertisements occurred.

> To preserve evidentiary issues for appeal, the appellant shall object to the admission of the evidence on the specific grounds raised on appeal and cannot assert on appeal new or different grounds. Where evidence is admitted over objection and, on appeal, new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable.[14]

Even had appellants properly preserved their objections, however, this enumerated error would fail nonetheless.

We have previously found no error in the admission of publisher's affidavits over hearsay and lack of authentication objections.[15] In *Stepp v. Farm & Home Life Ins. Co.*,[16] the attorney for the applicant testified that he caused the foreclosures to be advertised in the legal organ of the county at issue, identified the publisher's affidavits of publications, and affirmed that the ads ran four times during the month that preceded the foreclosure.[17] We concluded that the affidavits were not hearsay but were "competent proof of the facts recited therein, namely the contents of the advertisement and the dates of publication."[18] In the instant case, appellee's attorney, Valerie Combs, testified that she caused the advertisements to be run and provided the four dates upon which the advertisements were published during the month preceding the sale. She also testified that the legal descriptions in the newspaper matched that contained in the security deeds and the deeds under power of sale. Accordingly,

---

[14] (Citations and punctuation omitted.) *Rental Equip. Group v. Maci, LLC*, 263 Ga. App. 155, 162-163 (3) (b) (587 SE2d 364) (2003).

[15] *Stepp v. Farm & Home Life Ins. Co.*, 222 Ga. App. 257, 259 (2) (474 SE2d 108) (1996).

[16] Id.

[17] Id.

[18] Id.

the trial court's conclusion that the advertisement of the foreclosure sales conformed to OCGA § 44-14-161 was supported by competent evidence.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 29, 2010.

*Schreeder, Wheeler & Flint, John A. Christy, Philip R. Green,* for appellants.

*Troutman Sanders, Thomas E. Reilly, Cory S. Menees, Claiborne B. Smith,* for appellee.