A96A1410, A96A1411, A96A1412, A96A1413. STEPP v. FARM & HOME LIFE INSURANCE COMPANY (four cases).
(474 SE2d 108)
McMURRAY, Presiding Judge.

Pursuant to powers contained in security deeds, Home & Farm Life Insurance Company ("applicant"), as successor in interest to Appalachian Heritage Communities, Inc., foreclosed on four separate lots securing respondent Jeanette Stepp's debt to Appalachian Heritage Communities. After publication of notice, the four lots were sold on the courthouse steps, with applicant being the sole bidder in each case. Thereafter, applicant sought confirmation in the Superior Court of Gordon County. Respondent opposed confirmation, and the issue of true market value was tried to the superior court. After a hearing, the superior court determined that notice was proper; that the sales were conducted under power of sale; that the true market value of each lot was $6,800; and that this true market value was less than the amount of the indebtedness secured by each lot. The debt ranged from $24,912.80 to $26,978.20. Respondent appeals from the

final orders confirming applicant's foreclosure on her four lots. The four separate appeals are hereby consolidated for appellate disposition in this single opinion. *Held*:

1. Respondent first contends the trial court erred in failing to dismiss the confirmation proceedings under OCGA § 44-14-161 (a) because no report of the non-judicial sales was tendered into evidence.

OCGA § 44-14-161 (a) provides: "When any real estate is sold on foreclosure, . . . under powers contained in security deeds, . . . and at the sale the real estate does not bring the amount of the debt secured by the deed, . . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings *shall*, within 30 days after the sale, *report the sale to the judge of the superior court* of the county in which the land is located for confirmation and approval. . . ." (Emphasis supplied.) Nothing in this language imposes an evidentiary or procedural requirement that any such report to the superior court be formally tendered into evidence as an exhibit. In each of the cases sub judice, the initial pleadings were captioned "APPLICATION FOR CONFIRMATION OF FORECLOSURE SALE UNDER POWER," and each recites: "This Application is a report of a sale under power of real property located in Gordon County, Georgia, which sale was made pursuant to that certain Deed to Secure Debt With Power of Sale (the 'Security Deed') dated September 28, 1990, recorded at Deed Book 337, Folio 352, Gordon County, Georgia Records. This Application is also a petition for an order of confirmation and approval of said sale." The applications further recite the date of non-judicial sale and the amounts received. "Clearly, when the application for confirmation was presented to the judge of the superior court to obtain a rule nisi, reciting the fact of the sale, the price obtained, and all pertinent factors concerning the sale, this was a *report of the sale to the judge of the superior court*, and the terms of the statute were fully complied with." (Emphasis in original.) *Dukes v. Ralston Purina Co.*, 127 Ga. App. 696, 697 (194 SE2d 630). Consequently, this enumeration is without merit.

2. Over respondent's objections as to authentication and hearsay, the superior court admitted into evidence plaintiff's Exhibit 1, the affidavit of the publisher of the Calhoun Times, indicating that the notice of applicant's impending sale under power was published on August 11, 18, 25, and September 1, 1993. This evidentiary ruling is enumerated as error.

John S. Hetzel, one of the attorneys for applicant, testified that he conducted the foreclosures and affirmed that in preparation, he "cause[d] those foreclosures to be advertised during the month preceding the foreclosure," in the legal organ of Gordon County. Mr. Het-

zel identified the publisher's affidavits of publication and affirmed that the "ads [ran] four times during the month preceding foreclosure." Consequently, respondent's contention that the publisher's affidavits were erroneously admitted without a proper foundation is without merit. As to respondent's additional contention that the publisher's affidavit is inadmissible hearsay, it is our view that the affidavits are competent proof of the facts recited therein, namely the contents of the advertisement and the dates of publication. The publisher's sworn statement is aided by the presumption of regularity. " 'The law presumes that every [citizen], in [both] private and official character, does [one's] duty until the contrary is shown.' *Nicholson v. Spencer*, 11 Ga. 607, 611; [cit.]; *English v. Poole*, 31 Ga. App. 581 (2) (121 S.E. 589)." *Aiken v. Armistead*, 186 Ga. 368, 388-389 (3) (198 SE 237). The superior court did not err in admitting the publisher's affidavit over respondent's hearsay objection.

3. With respect to Case Nos. A96A1410 and A96A1412, respondent contends the superior court erred in failing to dismiss the confirmation proceeding, arguing there was no evidence of the foreclosure notice "mandated by OCGA § 44-14-162.2."

"Code Ann. § 67-1503 [now OCGA § 44-14-161] is a debtor's relief Act to subject a land foreclosure sale under a power to the scrutiny of the court. Its purpose is to pass upon the notice, advertisement and regularity of the sale and to re-insure that the property was sold for a fair value." *Wall v. Fed. Land Bank &c.*, 240 Ga. 236 (1), 237 (240 SE2d 76). In the cases sub judice, however, the uncontradicted evidence is that respondent's lots remained unimproved at the time of the last appraisal. "The notice requirement of Code Section 44-14-162.2 shall apply only to the exercise of a power of sale of property all or part of which is to be used as a dwelling place by the debtor at the time the mortgage, security deed, or lien contract is entered into." OCGA § 44-14-162.3 (a). Consequently, the notice requirements of OCGA § 44-14-162.2 were not applicable to applicant's foreclosure of respondent's unimproved lots. It follows that the superior court did not err in failing to dismiss the confirmation proceedings in these two cases.

4. In her fourth enumeration, respondent enumerates the general grounds, contending the superior court erred in failing to dismiss the confirmation proceedings because the foreclosure sale was not conducted in good faith.

The law imposes upon the holder of a mortgage or security deed with power of sale the duty " ' "to advertise and sell the property according to the terms of the instrument, and [to ensure] that the sale be conducted in good faith." ' *Scott v. Paisley*, 271 U. S. 632, [636] (46 SC 591, 70 LE 1123). [Cits.]" *Giordano v. Stubbs*, 228 Ga. 75, 76 (1), 78 (184 SE2d 165). "The general morality of the law is higher

than many good people suppose; is very much higher in the matter of guarding public sales of property against collusive combinations to suppress bidding. The standard it has in view is not merely conscience, but enlightened conscience. It condemns not only what the average [citizen] would regard as fraudulent, but what [one] ought to regard as contravening a sound public policy." *Barnes v. Mays*, 88 Ga. 696, 698 (1) (16 SE 67).

In support of her contention that foreclosure in the four cases sub judice was conducted in bad faith, respondent points to the circumstance that the developer (applicant's predecessor in interest), Appalachian Heritage Communities, was in bankruptcy when the commercial real estate appraiser, Henry J. Wise, was first retained to appraise respondent's lots. Henry J. Wise affirmed that "once the developer goes into bankruptcy, there is a chilling effect on the values of [the] lots." But Henry J. Wise did not attribute any chilling effect on the value of the lots to collusion, fraud, or conspiracy. Rather, in his opinion, lots in respondent's particular subdivision declined in value after the developer's bankruptcy because "there were many fewer transactions. There was no longer an organized sales force, an organized marketing process, and the transactions were what [Henry J. Wise] call[ed] the normal or natural rate of transaction that is through the secondary brokerage community."

"Inadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity. [Cits.]" *Giordano v. Stubbs*, 228 Ga. 75, 79 (3), supra. Contrary to respondent's contentions, however, in the cases sub judice, the circumstances relied on are not evidence that the prices received at foreclosure were chilled or diminished as a result of collusion or fraud on the part of applicant in conducting the foreclosure. " 'The superior court . . . had sufficient data in evidence upon which (it) could apply (its) own knowledge and ideas so as to derive (its) own opinion as to the market value of the project at the time of the sale.' *BPI Constr. Co. v. Collective Fed. Savings &c. Assn.*, 186 Ga. App. 324, 325 (367 SE2d 269) (1988). There being sufficient competent evidence to support the superior court's conclusion that, as to each parcel, the price brought at foreclosure was at least the true market [value] of that parcel, the enumeration of the general grounds is without merit." *Armstrong v. California Fed. Savings &c. Assn.*, 192 Ga. App. 508, 509 (2) (385 SE2d 113).

*Judgments affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 11, 1996.

*Mark T. Sallee*, for appellant.

*Macey, Wilensky, Cohen, Wittner & Kessler, Susan L. Howick, Rachel A. Snider*, for appellee.