A10A1497. McINNIS v. COMMUNITY BANK & TRUST.
A10A1498. McIBO INVESTMENTS, LLC et al. v. COMMUNITY BANK & TRUST.
(702 SE2d 734)

ADAMS, Judge.

Hugh A. McInnis, James A. Bouchillon and McIbo Investments, LLC appeal the order of the trial court confirming the sale of property following a nonjudicial foreclosure sale.[1] For the reasons that follow, we reverse.

The only issue before us on appeal is whether the evidence supported the trial court's finding that the requirements for publication of the notice of sale under power were satisfied. Specifically, appellants argue that the trial court improperly relied upon hearsay to find that the Bank met its burden of showing that the advertisement was properly published; they also argue that the Bank's evidence of publication violated the best evidence rule.

OCGA § 9-13-140 (a) provides for the manner in which notice of foreclosure sales must be advertised.[2] In relevant part, the statute provides that the notice of sale must run for four weeks and that the advertisement must contain

> a full and complete description of the property to be sold, making known the names of the plaintiff, the defendant, and any person who may be in the possession of the

---

[1] McInnis's appeal has been docketed in this Court as Case No. A10A1497 and McIbo's appeal has been docketed in this Court as Case No. A10A1498; these appeals present identical issues and we have consolidated them for review.

[2] Although OCGA § 9-13-140 on its face governs the advertisement of judicial (sheriffs') sales, OCGA § 44-14-162 requires that nonjudicial foreclosure sales be advertised in the same manner as judicial foreclosure sales.

property. In the case of real property, such advertisement shall include the legal description of such real property and may include the street address . . . if available.

The attorney who handled the sale for the Bank testified at the confirmation hearing. He testified that he prepared a notice of sale under power, and that notice was introduced into evidence. He further testified that he transmitted the notice to the Barrow County News as an attachment via e-mail, and that e-mail, as well as a reply e-mail acknowledging receipt of the advertisement, was introduced without objection at the hearing. The attorney also testified that he subsequently received another e-mail from the newspaper, indicating that the advertisement was "publishing for October sale." That e-mail further advised that tearsheets and proof ads were available online at the newspaper's website, and it does not appear that the advertisement was attached to the e-mail. This e-mail was admitted over appellants' hearsay objection. Lastly, the publisher's affidavit was also admitted into evidence without objection. That affidavit, which certified that "the ad for Notice of Sale Under Power concerning McIbo Investments, LLC has been published" for the specified four consecutive weeks prior to the sale, was likewise admitted without objection; the advertisement or a copy of the advertisement that was published was not attached to the affidavit nor were the contents of the advertisement included in the affidavit.

Following the hearing, the trial court confirmed the sale, rejecting appellants' argument that "at most" the Bank had shown the contents of the advertisement were transmitted to the newspaper for publication but that it had failed to present sufficient admissible evidence to show the contents of the advertisement that was actually published prior to the sale. Pretermitting appellants' hearsay or best evidence arguments, we agree that although the evidence showed that the advertisement the Bank submitted for publication to the newspaper complied with the requirements set forth in OCGA § 9-13-140 (a), the Bank failed to show that the notice that was published complied with that provision. Although the back and forth e-mails referenced the advertisement,[3] as did the publisher's affidavit, no evidence of the actual notice that ran in the paper was introduced. Moreover, the publisher's affidavit did not recite the contents of the notice that was published. Compare *Stepp v. Farm &c. Ins. Co.*, 222 Ga. App. 257, 259 (2) (474 SE2d 108) (1996)

---

[3] Although we need not decide the issue of whether the trial court erred by allowing an e-mail from the paper to be admitted over appellants' hearsay exception, as to this issue see *Universal Mgmt. Concepts v. Noferi*, 270 Ga. App. 212 (605 SE2d 899) (2004) (e-mail clearly constituted hearsay).

(publisher's affidavit was competent proof of the facts recited in the affidavit, including the contents of the advertisement). The Bank thus failed to show that the sale was properly advertised as required by Georgia law. It follows that the order confirming the sale must be reversed.

*Judgments reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 13, 2010.

*Spears & Robl, Michael D. Robl, Sheree S. Gupta*, for appellants.
*Hulsey, Oliver & Mahar, Jason A. Dean, Joseph D. Cooley III*, for appellee.