A11A2170. NEXGEN CUMMING, LLC et al. v. STATE BANK AND TRUST COMPANY.

(722 SE2d 428)

MCFADDEN, Judge.

State Bank and Trust Company ("the Bank") applied for confirmation of a nonjudicial foreclosure sale on property securing a loan to Nexgen Cumming, LLC and guaranteed by, among others, Premium Investment Properties, LLC and Rajeshwar D. Sharma. The trial court entered an order confirming the sale. Nexgen Cumming, Premium Investment Properties, and Sharma (collectively, "Nexgen") appeal on the ground that the Bank failed to show that it properly advertised the sale. We find that the trial court did not err in admitting into evidence at the confirmation hearing a publisher's affidavit, the contents of which, along with other evidence presented at the hearing, authorized the court to find that the

Bank met the advertising requirement. Accordingly, we affirm.

"The trial court is the trier of fact in a confirmation proceeding, and [we] will not disturb its findings if there is any evidence to support them. We are not, however, bound by the trial court's conclusions of law, which are subject to de novo review." (Citations and punctuation omitted.) *TKW Partners v. Archer Capital Fund*, 302 Ga. App. 443 (691 SE2d 300) (2010).

Pursuant to OCGA § 44-14-161 (c), the trial court shall "pass upon the legality of the notice, advertisement, and regularity of [a nonjudicial foreclosure] sale." A nonjudicial foreclosure sale must be advertised in the same manner as a judicial foreclosure sale. OCGA § 44-14-162 (a). That manner is set forth in OCGA §§ 9-13-140 (a) and 9-13-141, which provide, among other things, that notice of the sale shall be published once a week for four weeks in the legal organ for the county.

At the confirmation hearing, the Bank tendered a publisher's affidavit, which stated that a notice of publication regarding the foreclosure sale was published four times in the Forsyth County News on July 7, 14, 21, and 28, 2010. The notice of publication attached to the affidavit, however, reflected that it had been published on July 9, 14, 21, and 28, 2010. The trial court admitted the publisher's affidavit into evidence over Nexgen's objection.

The Bank also presented testimony of the paralegal who conducted the foreclosure sale. She identified the publisher's affidavit and testified that she had received it from the Forsyth County News. She further testified that the law firm for which she worked asked the Forsyth County News to publish the notice of publication attached to the publisher's affidavit for four consecutive weeks and that the notice, in fact, was published in that newspaper for four consecutive weeks in July 2010, although she was unsure whether it was first published on July 7 or on July 9. And she testified that on August 3, 2010, she conducted the foreclosure sale at the Forsyth County Courthouse.

In its order confirming the foreclosure sale, the trial court concluded:

> All advertisements were conducted in accordance with Georgia law and procedures. Although there was a discrepancy between the ad itself and the publisher's affidavit as to one particular publication date, the testimony was unrefuted that the advertisement ran four (4) times in the four (4) weeks immediately preceding the foreclosure sale. Thus, the foreclosure advertisements met the requirements of OCGA § 9-13-140 and § 9-13-141.

1. Nexgen argues that the trial court erred in admitting the publisher's affidavit into evidence because it contained hearsay and was not properly authenticated. But we have previously found no error in the admission of publisher's affidavits over hearsay or authenticity objections where, as here, a witness testified at the hearing that he or she caused the foreclosures to be advertised in the legal organ of the county at issue, identified the publisher's affidavits, and affirmed that the advertisements ran four times during the month that preceded the foreclosure. See *Belans v. Bank of America*, 306 Ga. App. 252, 256 (3) (701 SE2d 889) (2010); *Stepp v. Farm & Home Life Ins. Co.*, 222 Ga. App. 257, 258-259 (2) (474 SE2d 108) (1996). Under such circumstances, we have concluded that publisher's affidavits are "competent proof of the facts recited therein, namely the contents of the advertisement and the dates of publication." *Stepp*, 222 Ga. App. at 259 (2). We disagree with Nexgen's contention that discrepancies about one of the specific publication dates should preclude admission of the publisher's affidavit. Instead, the court as trier of fact could consider any such discrepancies in determining the weight of the evidence.

2. Nexgen argues that, in light of the discrepancies about one of the specific publication dates, the court erred in finding that the Bank had met the statutory advertising requirements. But both the publisher's affidavit and the paralegal's testimony supported the trial court's factual finding that the notice was published once a week for four consecutive weeks. We discern no error. See *TKW Partners*, 302 Ga. App. at 443.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Mills & Hoopes, Timothy S. Walls*, for appellants.
*Quirk & Quirk, Joseph P. Farrell, Christopher M. Gant*, for appellee.