A11A1819. BUILDING BLOCK ENTERPRISES, LLC et al.
v. STATE BANK AND TRUST COMPANY.
(723 SE2d 467)

McFADDEN, Judge.

Building Block Enterprises, LLC and Waheed Malik appeal the declaratory judgment granted to State Bank and Trust Company in this action relating to efforts to collect a defaulted loan. After Building Block defaulted on the loan, which Malik had guaranteed, State Bank, as successor to the original lender, pursued an action in state court to recover the outstanding loan amount. It also foreclosed on the property securing the note. It conducted two nonjudicial foreclosure sales, because the first took place before the assignment

---

of the loan to State Bank had been recorded.

We hold that State Bank never consummated its successful bid at the first nonjudicial foreclosure sale of the property securing the loan because the transfer of the borrower's right of possession and its equity of redemption to the bank as the foreclosure sale purchaser never occurred. We therefore affirm the trial court's ruling that this sale was not completed. We also affirm the ruling that the later nonjudicial foreclosure sale was valid. Finally, we reverse the superior court's ruling that State Bank was not required to confirm the foreclosure sale before pursuing an action for a deficiency judgment against Malik. This ruling amounted to an advisory opinion since State Bank did, in fact, file a confirmation petition, which is pending in superior court.

Building Block borrowed more than $1.4 million from Security Bank of North Metro and executed a deed to secure debt, pledging certain property as security for its obligation under the note. Malik guaranteed the obligation.

Building Block defaulted; and on April 3, 2009, Security Bank filed an action in DeKalb County State Court to recover the outstanding loan amount. On July 24, 2009, Security Bank failed. The Federal Deposit Insurance Corporation acted as receiver for Security Bank and assigned certain of its assets, including the Building Block note and security deed, to State Bank. The assignment was not executed and recorded in superior court until November 25, 2009.

On August 4, 2009 — after the assignment was made but before it was recorded — the state court substituted State Bank as the plaintiff in the state court action against Building Block and Malik. That same day, the state court entered a default judgment in favor of State Bank against Building Block and Malik for the total indebtedness, more than $3.5 million. Twenty-five minutes later, State Bank held a foreclosure sale of the property securing the note and bid in the amount of $2.12 million.

At some point, State Bank discovered that the assignment of the loan had not yet been executed or recorded. It then stopped any efforts to consummate the foreclosure sale. It did not apply the proceeds of the sale to the loan, nor did it execute or record a deed under power of sale conveying title to the property.

After the assignment of the loan and security deed was recorded on November 25, 2009, State Bank re-advertised the property for foreclosure. State Bank foreclosed on the property on January 5, 2010, and it was the only bidder. It bid $800,000, less than half the price it had bid for the property just five months earlier. State Bank applied the funds to the outstanding indebtedness and recorded a deed under power of sale. State Bank filed an action in superior court to confirm the foreclosure sale. That action remains pending.

In the meantime, on May 20, 2010, the state court set aside the default judgment against Malik as to the amount of damages only, finding that Malik had not been properly notified of the damages hearing and that this constituted a nonamendable defect on the face of the record, requiring a set aside under OCGA § 9-11-60 (d). That action remains pending.

Building Block and Malik filed this action seeking declaratory relief and damages. They sought declarations to the effect that the August 2009 foreclosure sale was valid and the January 2010 foreclosure sale was void, so that State Bank was estopped from denying the much higher property value as established in the August 2009 foreclosure sale. They also sought a declaration that State Bank could not seek a deficiency judgment against Malik. Building Block and Malik sought damages for wrongful foreclosure and for breaches of fiduciary duty and the duty of good faith. They also sought bad faith attorney fees and litigation expenses.

State Bank answered and filed a counterclaim, seeking declarations that the August 4, 2009 foreclosure sale was never consummated and the January 5, 2010 foreclosure sale — and the property value it established — was valid. State Bank also sought bad faith attorney fees and litigation expenses under OCGA §§ 13-6-11 and 9-15-14.

The trial court ruled that the August 4, 2009 sale was not valid because the assignment had not been recorded at the time of the sale and because the sale was not consummated. Therefore, the court ruled, once the assignment had been recorded on November 25, 2009, State Bank could properly foreclose again on the property. The trial court also ruled that State Bank was not required to seek confirmation of the January 5, 2010 foreclosure sale because at the time the sale occurred, State Bank had a valid money judgment for the full amount of the indebtedness against Building Block and Malik. Building Block and Malik filed this appeal.

1. We must first address our jurisdiction. *Dixie Group v. Shaw Indus. Group*, 303 Ga. App. 459, n. 1 (693 SE2d 888) (2010). We have jurisdiction, although the order on appeal is not final, because it entails a declaratory judgment. Building Block and Malik sought a declaratory judgment, damages and attorney fees. State Bank counterclaimed for a declaratory judgment and attorney fees. The trial court's order entered a declaratory judgment in favor of State Bank; it did not address Building Block and Malik's claim for damages, nor the parties' claims for attorney fees. Therefore, it appears that the trial court's order is not final, and the case is pending below. This is true even if the declaratory judgment in favor of State Bank amounted to an implicit denial of Building Block and Malik's claims because State Bank's claim for attorney fees apparently remains pending.

Nonetheless, the trial court's order is directly appealable because "'[d]eclaratory judgments 'have the force and effect of (final judgments) and (are) reviewable as such.' OCGA § 9-4-2 (a)." *Sunstates Refrigerated Svcs. v. Griffin*, 215 Ga. App. 61, 62 (1) (449 SE2d 858) (1994) (denying motion to dismiss appeal on the ground that order was neither a final judgment disposing of all claims nor an express refusal of the appellant's request for injunctive relief because declaratory judgments are reviewable as final judgments). This is so even if other issues remain pending below. Id.

2. Building Block and Malik assert various arguments in support of their contentions that the August 4, 2009 foreclosure sale was valid and the higher price bid at that sale is binding on the bank, and that the January 2010 sale, with its lower bid price, was void. But our recent decision in *Legacy Communities Group v. Branch Banking & Trust Co.*, 310 Ga. App. 466 (713 SE2d 670) (2011), rev'd in part on other grounds, *Tampa Investment Group v. Branch Banking & Trust Co.*, 290 Ga. 724 (723 SE2d 674) (2012), controls the issue adversely to them. In *Legacy*, a bank conducted a nonjudicial foreclosure sale, which we found to be not consummated. We explained that

> [w]hen a borrower gives a lender a deed to secure debt, the borrower grants and conveys outright legal title in the subject real property to the lender (the grantee) and takes a bond for title back to the grantor upon the payment of the debt. Thus, the borrower retains the right to regain or redeem legal title by payment of the secured indebtedness; the borrower also retains the right of possession.

(Citations and punctuation omitted.) Id. at 469 (1). The lender bank in *Legacy*, acting in its capacity as the borrower's attorney in fact, accepted the bid it made at a foreclosure sale but did not, in that capacity, execute a deed under power or any other document conveying the borrower's interest to itself. Nor did the bank, acting in its capacity as the creditor on the promissory notes, execute any writing showing that it had applied any foreclosure proceeds to eliminate or reduce the borrower's obligations under the secured promissory notes. We thus held that "the conveyance which defines a nonjudicial foreclosure, that is, the transfer of the borrower's right of possession and its equity of redemption to the bank as the foreclosure sale purchaser, never occurred." (Citations omitted.) Id. at 470. Consequently, we held, the foreclosure was not consummated. Id.

Like the bank in *Legacy*, State Bank did not transfer Building Block's right of possession to itself as the foreclosure sale purchaser at the August 2009 sale. Nor did it apply sale proceeds to eliminate

or reduce Building Block's obligation under the secured promissory note. We thus conclude that the August 2009 sale was not consummated. See id.

Building Block and Malik argue that *Legacy* is distinguishable because, unlike the lender-bank in *Legacy*, State Bank did not notify Building Block and Malik that "it rescinded any actions taken with respect to foreclosure and that the foreclosures were not and would not be consummated." 310 Ga. App. at 467. But such notice was not the crucial factor. The crucial factor that led us to hold that the *Legacy* sale was not consummated was that "the conveyance which defines a nonjudicial foreclosure, that is, the transfer of the borrower's right of possession and its equity of redemption to the bank as the foreclosure sale purchaser, never occurred." Id. at 470 (1).

Building Block and Malik argue, and State Bank concedes, that no evidence supports the trial court's finding that the fair market value of the property was $800,000 or its finding that the reason Malik had not been notified of the damages hearing was "a miscommunication with the judge's staff, not the improper conduct of [State Bank's] counsel." The trial court erred by including those unsupported findings in its order, but those findings are not relevant to the court's ruling regarding the validity of the August 2009 and January 2010 foreclosure sales and thus do not provide grounds for reversal.

Accordingly, we affirm that portion of the trial court's order declaring that the August 2009 foreclosure sale was not valid and not consummated and that the January 2010 foreclosure sale was proper.

3. Building Block and Malik argue that because State Bank did not confirm the foreclosure sale, as required by OCGA § 44-14-161 (a), it cannot pursue a deficiency judgment against Malik. There is an exception to the requirement set out in subsection (a).

> When a creditor who holds a promissory note secured by a deed to secure debt containing a power of sale sues on the note and obtains a money judgment and thereafter elects to exercise the power of sale in the deed to secure debt, and the proceeds of such sale are not sufficient to satisfy the judgment, he is not required to comply with [OCGA § 44-14-161 (a)] before attempting to enforce further his judgment.

*Taylor v. Thompson*, 158 Ga. App. 671, 673 (282 SE2d 157) (1981). Building Block and Malik argue that the exception set out in *Taylor* does not apply because the judgment against Malik was set aside. Therefore, they contend, State Bank did not have a money judgment against Malik that would exempt it from the confirmation requirement.

The superior court held that State Bank was not required to

confirm the January 5, 2010 foreclosure sale under OCGA § 44-14-161, as it had an enforceable default judgment for the full amount of the indebtedness as of that date. But that holding was an erroneous advisory opinion. The superior court also found — and the parties do not dispute — that in fact, State Bank did file a petition to confirm the January 5, 2010 foreclosure sale and that the confirmation action is pending in superior court.

OCGA § 9-4-2 (a) authorizes superior courts "[i]n cases of actual controversy . . . to declare rights and other legal relations of any interested party petitioning for such declaration." "There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued." (Citation omitted.) *East Beach Properties v. Taylor*, 250 Ga. App. 798, 802 (552 SE2d 103) (2001).

"Entry of a declaratory judgment based on a possible or probable future contingency is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter and must be vacated." (Citation and punctuation omitted.) *Bethel v. Fleming*, 310 Ga. App. 717, 724 (3) (713 SE2d 900) (2011). Because State Bank did file a confirmation petition, the parties failed to show that there was any justiciable controversy on the issue of whether it was required to do so, and the trial court's ruling on this issue was advisory. See *City of Atlanta v. City of College Park*, 311 Ga. App. 62, 72-73 (3) (715 SE2d 158) (2011). Thus, we vacate the portion of the declaratory judgment holding that State Bank was not required to confirm the January 5, 2010 foreclosure sale under OCGA § 44-14-161.

*Judgment affirmed in part and vacated in part. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 16, 2012 — 

*Robinson & Blazer, John E. Robinson, Gregory H. Blazer*, for appellants.

*Quirk & Quirk, Debra E. Baker*, for appellee.