A11A2191. WHITE OAK HOMES, INC. et al. v. COMMUNITY BANK & TRUST.

(724 SE2d 810)

MIKELL, Presiding Judge.

White Oak Homes, Inc. (White Oak), appeals from the trial court's order confirming Community Bank & Trust's (CB&T) non-

---

judicial foreclosure sale pursuant to OCGA § 44-14-161, contending that the foreclosure notice was deficient as a matter of law. Finding no error, we affirm.

"The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them. We are not, however, bound by the trial court's conclusions of law, which are subject to de novo review."[1]

White Oak defaulted under a deed to secure debt to CB&T. CB&T pursued nonjudicial foreclosure of the property at issue and advertised the sale under power in the Athens Banner-Herald, the legal organ of Clarke County. On the date of the last advertisement, the FDIC, as receiver for CB&T, sold the property to another bank, SCBT, N.A. The subject property then was sold at auction, but because the sale price did not satisfy the amount of the indebtedness, CB&T petitioned for confirmation, which the trial court granted. White Oak appeals.

1. At the confirmation hearing, an attorney for CB&T testified that, as was his practice when running a notice of sale under power, he asked the publisher to provide an affidavit of publication of the foreclosure notice. The attorney submitted into evidence the original affidavit of publication, and, attached to it by the publisher, the tear sheet, or clipping, from the Athens Banner-Herald. Asked if the tear sheet reflected the same advertisement that he transmitted to the newspaper, the attorney confirmed that it did. The publisher's affidavit attests that the advertisement was published on each of four listed dates. The court admitted both the affidavit and the tear sheet into evidence.

White Oak challenges the admissibility of the publisher's affidavit and the tear sheet, on the ground of hearsay. However, this court has, in similar situations,

> found no error in the admission of publisher's affidavits over hearsay or authenticity objections where, as here, a witness testified at the hearing that he or she caused the foreclosures to be advertised in the legal organ of the county at issue, identified the publisher's affidavits, and affirmed

---

[1] (Punctuation and footnotes omitted.) *TKW Partners v. Archer Capital Fund*, 302 Ga. App. 443 (691 SE2d 300) (2010). Accord *Nexgen Cumming, LLC v. State Bank & Trust Co.*, 313 Ga. App. 715, 717 (1) (722 SE2d 428) (2012). White Oak asserts that this court reviews appeals from an order of confirmation and evidentiary decisions such as the admission of hearsay evidence under a clearly erroneous standard; CB&T asserts that this court sits as a trier of fact in confirmations, and will not disturb decisions below if there is any evidence to support them. Contrary to the parties' arguments, the standards are the same. See *Harper v. JP Morgan Chase Bank Nat. Assn.*, 305 Ga. App. 536 (699 SE2d 854) (2010).

that the advertisements ran four times during the month that preceded the foreclosure.[2]

We conclude that the publisher's affidavit in this case, as identified by the attorney, was "competent proof of the facts recited therein, namely the contents of the advertisement and the dates of publication."[3] The cases White Oak cites in support of this enumeration are distinguishable.[4] We find no error.

2. White Oak contends that the foreclosure advertisement did not comply with OCGA §§ 44-14-162 and 9-13-140 (a) because it failed to identify the owner of the loan. The advertisement identified CB&T as the party in whose favor the security deed was executed; but White Oak asserts that the FDIC as receiver for CB&T sold the loan to another bank on January 29, 2010, the same date that the last advertisement ran in the Athens Banner-Herald.

This error has been waived on appeal. White Oak, in contravention of our rules, has not shown how this enumeration of error was preserved for our review, nor has White Oak provided any relevant citation to the record showing that this claim of error was raised below.[5] CB&T asserts that this enumeration was not raised below, and our review of the record has yielded nothing contrary to this assertion. "An appellate court will not consider an issue raised for the first time on appeal, because the trial court has not had the opportunity to consider it."[6]

3. White Oak argues that the confirmation was not filed by the real party in interest as required by OCGA § 44-14-162 (a), because the FDIC in its capacity as receiver for CB&T sold CB&T's assets to another bank on the same date as the final foreclosure advertisement and prior to the foreclosure sale on February 2, 2010. White Oak also argues that the assignment from CB&T to the other bank was not filed prior to the sale. In support, White Oak cites OCGA §

---

[2] (Citations omitted.) *Nexgen*, supra at 717 (1). Accord *Belans v. Bank of America*, 306 Ga. App. 252, 256 (3) (701 SE2d 889) (2010).

[3] (Citations omitted.) *Stepp v. Farm &c. Ins. Co.*, 222 Ga. App. 257, 259 (2) (474 SE2d 108) (1996). Accord *Nexgen*, supra.

[4] *Hodsdon v. Whitworth*, 153 Ga. App. 783, 788 (5) (266 SE2d 561) (1980) (plaintiff's testimony as to whether third parties had asked him about the foreclosure advertisements was hearsay); *McInnis v. Community Bank & Trust*, 306 Ga. App. 436, 437 (702 SE2d 734) (2010) (publisher's affidavit insufficient where advertisement that ran in newspaper was not attached to publisher's e-mails to attorney or to publisher's affidavit).

[5] See Court of Appeals Rule 25 (a) (1). As White Oak has not complied with this court's requirement of specific citation to the record, "if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with appellant. As we have often stated, it is not our function to cull the record on behalf of a party." (Punctuation and footnotes omitted.) *Drew v. Istar Financial*, 291 Ga. App. 323 (661 SE2d 686) (2008).

[6] (Punctuation and footnote omitted.) *Sitton v. Print Direction, Inc.*, 312 Ga. App. 365, 370 (3) (718 SE2d 532) (2011).

44-14-162 (b), which provides that "[t]he security instrument *or* assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."[7] White Oak contends that the statute requires an assignment be filed prior to sale, and that this court should ignore the disjunctive "or" in the statute. However, issues involving standing and assignment are outside the scope of a confirmation hearing:

> The only purpose of the confirmation statute is to subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval. The confirmation proceeding does not result in a personal judgment and it does not adjudicate the title of the property sold. Except as to the confirmed amount of the sale, it does not establish the liability of any party with regards to the indebtedness.[8]

A confirmation proceeding is a limited statutory proceeding in which an assignment issue is not relevant.[9] Therefore, "the issue of whether [CB&T] was a real party in interest is not relevant to this confirmation proceeding, which was commenced in accordance with OCGA § 44-14-161 (a) by the person instituting the foreclosure proceedings."[10] The issues of standing and assignment were irrelevant to the confirmation proceeding. The trial court did not err in confirming the sale.

4. White Oak contends that the trial court erred because it made no finding of fact that CB&T published a proper foreclosure notice. Again, White Oak ignores our rules by not indicating how this enumeration of error is preserved for our review;[11] thus, there is nothing for us to review.[12] Moreover, White Oak has failed to support this alleged error by argument and citation to authority, or by any citation to the record.[13] We conclude, therefore, that White Oak has

---

[7] (Emphasis supplied.)

[8] (Emphasis omitted.) *Boring v. State Bank & Trust Co.*, 307 Ga. App. 93, 95 (1) (704 SE2d 207) (2010), citing *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (1) (430 SE2d 732) (1993).

[9] *Boring*, supra at 96 (1). See also *McCain v. Galloway*, 267 Ga. App. 505, 507 (1) (600 SE2d 449) (2004).

[10] (Punctuation omitted.) *Boring*, supra, citing *Sparti v. Joslin*, 230 Ga. App. 346 (1) (496 SE2d 490) (1998).

[11] See Court of Appeals Rule 25 (a).

[12] See *Sitton*, supra.

[13] Court of Appeals Rule 25 (c) (2) (i). See *Kappelmeier v. PDQ Property Mgmt.*, 309 Ga. App. 430, 431 (3) (710 SE2d 631) (2011) (enumerations of error which are not supported by

abandoned this claim of error.

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED MARCH 1, 2012 —

*Thomerson, Spears & Robl, Michael D. Robl,* for appellants.

*Hulsey, Oliver & Mahar, Joseph D. Cooley III, Jason A. Dean,* for appellee.

---

citation of authority or argument may be deemed abandoned).