A11A2287. PEACHTREE HOMES, INC. et al. v. BANK OF AMERICA, N.A.
(726 SE2d 737)

ADAMS, Judge.

This case arises from an application for confirmation of four foreclosure sales (the "Foreclosure Sales") filed pursuant to OCGA § 44-14-161 by Bank of America, N.A. ("BOA") against Peachtree Homes, Inc. and Hugh W. Morton (collectively "Peachtree"), a residential home builder and its guarantor. Peachtree appeals the trial court's order confirming the Foreclosure Sales. We affirm for the reasons set forth below.

The four foreclosed properties (the "Properties") at issue in this case include one completed townhouse and eighteen townhouse lots in the Peachtree Corner subdivision in Clayton County. Peachtree Homes defaulted on four separate promissory notes (the "Notes") secured by four separate security deeds (the "Security Deeds"). Morton was the guarantor on each of the Notes. BOA was the lender on each of the Notes, and the Security Deeds gave BOA the right to bid at any foreclosure sale on the property. After BOA determined that Peachtree Homes defaulted and Morton failed to pay as guarantor, BOA exercised the power of sale under the Security Deeds. In that regard, BOA placed notices of sale in the legal organ in Clayton County for each of the four Properties. After the advertisements had run for four weeks, the four Properties were sold by public outcry auction on November 2, 2010, before the door of the Clayton County

---

courthouse. BOA was the highest bidder on, and thus the purchaser of, all four Properties at the Foreclosure Sales. BOA paid for the Properties through credit bids, under which the debt from Peachtree Homes on each of the Notes was reduced "dollar for dollar" by the amount bid on the property.

BOA assigned its interest in the Properties, as it did with all foreclosed properties on which it was the highest bidder, to Quality Properties Asset Management Company ("Quality"), its fully owned subsidiary. This assignment was done for liability purposes, and Quality, a management company, maintains such properties until a decision is made to sell them. A Deed Under Power of Sale was recorded on each of the four Properties (the "Deeds Under Power"), conveying the property to Quality. Each of the Deeds Under Power mistakenly indicated that during the public sale, the Properties had been knocked off to Quality, when, in fact, the Properties had been knocked off to BOA as the high bidder.

On November 29, 2010, BOA filed a "Report of Foreclosure and Application for Confirmation of Foreclosure Sales Under Power" (the "Application") in the trial court. And following a confirmation hearing, the trial court issued an order confirming the sales.

As its sole enumeration of error in this appeal, Peachtree asserts that "[t]he trial court's findings of fact and conclusions of law respecting the regularity and legality of the Foreclosure Sales are not supported by any competent evidence. . . ." Peachtree argues that the Foreclosure Sales were advertised as cash sales as required under the Security Deeds. But Peachtree contends that because BOA transferred the Properties to Quality without first transferring the property to itself, Quality was in fact the bidder at the sale, with BOA acting as its agent. Because Quality was not the lender, Peachtree argues that Quality was required under the Security Deeds and the law to pay cash for the Properties, which it failed to do. Thus, Peachtree urges that the trial court's confirmation order be reversed because the Foreclosure Sales "were not legal or regular, or even consummated, without payment for the bid prices, and were effected contrary to the requirements of Georgia law and the advertisements that the sales be 'for cash.' " We find no merit to this argument.

Pursuant to OCGA § 44-14-161 (c), the trial court shall "pass upon the legality of the notice, advertisement, and regularity of [a nonjudicial foreclosure] sale." "OCGA § 44-14-161 is in derogation of common law and must be strictly construed." (Citation and punctuation omitted.) *129 Acres, Inc. v. Atlanta Business Bank*, 311 Ga. App.

462, 463 (716 SE2d 536) (2011). In making this determination,

> [t]he trial judge in a confirmation proceeding sits as the trier of fact, and its [factual] findings and conclusions have the effect of a jury verdict. Thus, witness credibility and the weight of the evidence proffered by the parties at a confirmation hearing are to be judged by the trial court, and not this Court on appeal. For this reason, we will not disturb the trial court's decision if there is any evidence to support it, and we view the evidence in the light most favorable to the trial court's judgment.

(Punctuation and footnotes omitted.) *Metro Land Holdings Investments v. Bank of America*, 311 Ga. App. 498, 498-499 (716 SE2d 566) (2011).[1]

The trial court found that BOA properly advertised the sales and the sales were properly conducted; the notices were read and the bids properly solicited. The trial court also found that BOA was the only bidder on each of the four Properties and that it had subsequently assigned its interest in the Properties to Quality through the Deeds Under Power. Thus, the trial court determined that the transfer of the Properties from BOA to Quality did not affect the validity of the foreclosure sales:

> The unrebutted testimony is that [BOA] was the successful bidder and the post-bid transfer of the property to a subsidiary did not in any way chill the sale or impact the issue of whether the amount bid for the parcels was in fact the fair market value of those parcels on the date of sale.

Based upon these findings, the trial court concluded that BOA had established that the sales were conducted "in accordance with the law." We agree.

We must accept the trial court's finding that BOA was the only bidder at the Foreclosure Sales because the evidence at the hearing supports it. Quality, therefore, was not a bidder and thus had no obligation to pay anything, cash or otherwise, in connection with the

---

[1] Peachtree asserts that in reviewing the trial court's findings of fact, this Court must set the findings aside if they are clearly erroneous, citing *Wheeler v. Coastal Bank*, 182 Ga. App. 112, 114 (354 SE2d 694) (1987). BOA asserts that this is a misstatement of the proper standard, and we must apply the "any evidence standard." But as this Court recently noted, "[c]ontrary to the parties' arguments, the standards are the same. See *Harper v. JP Morgan Chase Bank Nat. Assn.*, 305 Ga. App. 536 (699 SE2d 854) (2010)." *White Oak Homes v. Community Bank & Trust*, 314 Ga. App. 502, 503, n. 1 (724 SE2d 810) (2012).

sales. The evidence also established that the sales were properly advertised and were otherwise conducted within the procedural requirements of OCGA § 44-14-161. And BOA presented uncontradicted evidence that it credited Peachtree Homes with amounts equivalent to its bids[2] at the Foreclosure Sales by applying those amounts to reduce Peachtree Homes' debt. Peachtree concedes that BOA had the contractual right to follow this procedure. See generally *Gibson Constr. Co. v. GAA Acquisitions I*, 307 Ga. App. 698, 699 (705 SE2d 913) (2011) (lender employed credit bid in foreclosure sale).

Additionally, Peachtree Homes' interest in the Properties was conveyed pursuant to the Deeds Under Power in compliance with the Statute of Frauds:

> When a person who is conducting a nonjudicial foreclosure sale pursuant to a power of sale in a security deed accepts a bid, an oral contract is created. Because such a contract conveys an interest in land, it is subject to the Statute of Frauds unless it falls into one of the recognized exceptions.

(Citations omitted.) *Legacy Communities Group v. Branch Banking & Trust Co.*, 310 Ga. App. 466, 469 (1) (713 SE2d 670) (2011). The fact that BOA conveyed Peachtree Homes' interest to its wholly-owned subsidiary, Quality, pursuant to a separate intra-corporate agreement, rather than transferring the Properties to itself, does not undercut the underlying Foreclosure Sales. This procedure met the requirements of the Statute of Frauds, caused no prejudice to Peachtree and had no chilling effect on the sales. The testimony showed that Quality was merely a property management arm of BOA. We agree with the trial court, therefore, that the Foreclosure Sales were properly conducted and consummated. See generally *Winstar Dev. v. SunTrust Bank*, 308 Ga. App. 655, 662 (708 SE2d 604) (2011) (physical precedent only). Compare *Building Block Enterprises v. State Bank and Trust Co.*, 314 Ga. App. 147 (2) (723 SE2d 467) (2012) (foreclosure sale not consummated where purchaser bank did not transfer buyer's interest to itself and did not apply proceeds of sale to reduce borrower's debt); *Legacy Communities Group v. Branch Banking & Trust Co.*, 310 Ga. App. at 470 (1) (sale not consummated where bank did not convey borrower's interest to itself, did not prove that it applied any foreclosure proceeds to eliminate or reduce the borrow-

---

[2] Peachtree does not appeal the trial court's determination that the amount of BOA's bids represents the fair market value of the Properties.

er's debt and notified borrower that it was rescinding any actions taken with regard to foreclosure and that the foreclosures would not be consummated).

In any event, a confirmation proceeding is a limited statutory proceeding and the issue of whether the assignment between BOA and Quality was handled properly is outside the scope of this proceeding. See *White Oak Homes v. Community Bank & Trust*, 314 Ga. App. 502 (3) (724 SE2d 810) (2012).

> The only purpose of the confirmation statute is to subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval. The confirmation proceeding does not result in a personal judgment and it does not adjudicate the title of the property sold.

(Footnote omitted.) Id.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED MARCH 28, 2012.

*Schreeder, Wheeler & Flint, David H. Flint, Jared W. Heald, King & Spalding, Philip R. Green*, for appellants.

*Troutman Sanders, Thomas E. Reilly, Cory S. Menees, Claiborne B. Smith*, for appellee.