**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1266. TIFT REGIONAL MEDICAL CENTER HO-043
    FOUNDATION, INC. v. GEICO GENERAL INSURANCE
    COMPANY et al.

HODGES, Judge.

Following treatment of Alana Schofill for injuries she sustained in a motor vehicle accident, Tift Regional Medical Center Foundation, Inc. ("Tift Regional") filed a hospital lien totaling $65,060.84. See OCGA § 44-14-470 (b). Thereafter, Schofill applied for, and Tift Regional granted her, "free financial assistance."[1] Unbeknownst to Tift Regional, Schofill then entered settlement agreements with GEICO General Insurance Company and Progressive Casualty Insurance Company, for which she received sums of $100,000 and $50,000, respectively. As a result, Tift Regional brought an action against GEICO and Progressive to enforce its hospital

---

[1] The parties have not cited to any definition of this terminology in the record.

lien.[2] Tift Regional moved for summary judgment, but the Superior Court of Muscogee County denied the motion. We granted Tift Regional's application for interlocutory appeal, in which Tift Regional now argues that the trial court erred in denying its motion for summary judgment because it: (1) allowed GEICO and Progressive to present a defense personal to Schofill when all elements of its complaint to enforce the hospital lien had been satisfied; and (2) found that material issues of fact remained as to whether Schofill detrimentally relied upon Tift Regional's statement that she qualified for "free financial assistance." For the following reasons, we reverse.

It is well settled that in reviewing the denial of a motion for summary judgment, "we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Citation omitted.) *Grizzle v. Norsworthy*, 292 Ga. App. 303, 303-304 (664 SE2d 296) (2008). So viewed, the record reveals that Schofill was involved in a motor vehicle accident with GEICO's insured on September 17, 2017, in which she sustained injuries. Schofill received treatment from Tift Regional totaling

---

[2] In response, GEICO and Progressive filed a joint third-party complaint against Schofill. As of the filing of Tift Regional's notice of appeal, the third-party complaint remained pending in the trial court.

$65,060.84 from September 18 to September 25, 2017. As a result, Tift Regional filed a hospital lien on October 30, 2017. Both prior to and after it filed the lien, Tift Regional sent notice of the lien to GEICO, which GEICO received as early as October 17, 2017.[3]

On December 21, 2017, Schofill's mother completed a "Financial Assistance Application" with Tift Regional, in which she requested "INDIGENT CHARITY" status on Schofill's behalf to address her outstanding medical bills. In a letter to Schofill dated January 2, 2018, Tift Regional stated that "[w]e are pleased to inform you that you are eligible for free financial assistance." It also notified Schofill that she would be receiving an initial bill from Tift Regional, but that the bill would be adjusted within 30 days; if Schofill's eligibility criteria were not met prior to adjustment of the bill, "the individual account will be denied and a denial letter will be mailed to you." At no time thereafter did Tift Regional send a denial letter to Schofill.

---

[3] GEICO and Progressive do not contest that Tift Regional perfected its hospital lien.

On January 24, 2018, Schofill executed a limited release with GEICO in the amount of $100,000 for damages caused by its insured.[4] Schofill also executed a release with Progressive, as her uninsured / underinsured motorist carrier, for $50,000 on May 7, 2018.[5] Schofill then spent the entire settlement proceeds in an undisclosed manner.[6] Thereafter, Tift Regional sent GEICO demands for payment to satisfy its hospital lien, but GEICO failed to remit payment as requested.[7]

Tift Regional filed a complaint on October 12, 2018 to enforce the hospital lien against GEICO and Progressive. Tift Regional moved for summary judgment,

---

[4] The limited release provided, in part, that Schofill would indemnify GEICO from payment of "all hospital bills, doctor bills, drug bills, and other medical expenses, that belong to [her] or which may hereafter accrue to [her]. . . ." Similarly, the release stated that Schofill would "agree to take reasonable steps to satisfy or otherwise resolve valid and enforceable liens accrued as a result of [her] alleged injuries. . . ."

[5] Progressive's release included a "hold harmless" provision that Schofill would indemnify Progressive against any claims for costs of the medical treatment, including "liens, judgments, . . . and all medical liens contemplated by OCGA § 44-14-470 and OCGA § 44-14-471."

[6] Despite notice of Tift Regional's lien as early as October 17, 2017, the record does not demonstrate that either GEICO or Progressive verified the status of the lien prior to executing their releases with Schofill.

[7] The record does not indicate that Tift Regional ever provided notice to, or requested payment from, Progressive.

4

asserting that both GEICO and Progressive were liable to satisfy its lawfully-enforceable hospital lien. GEICO and Progressive responded, arguing that a genuine issue of material fact remained as to whether promissory estoppel barred Tift Regional's enforcement of the lien. In an order drafted by the insurers' counsel, the trial court found that "genuine issues of material fact exist as to whether promissory estoppel [barred Tift Regional's] Plaintiff's recovery on the asserted lien" in view of Tift Regional's failure to send a denial letter to Schofill after it informed Schofill that "it would send her a denial letter if her indigent status changed." We granted Tift Regional's application for interlocutory appeal, and this appeal followed.

In two enumerations of error, Tift Regional contends that the trial court erred in denying its motion for summary judgment because: (1) it allowed GEICO and Progressive to utilize an estoppel defense, which was personal to Schofill, when all elements of its claim to enforce its hospital lien against the insurers had been satisfied; and (2) it incorrectly found that genuine issues of material fact remained concerning Schofill's detrimental reliance upon Tift Regional's statement that she qualified for "free financial assistance." For the following reasons, we agree that the trial court erred in denying Tift Regional's motion for summary judgment.

5

"Georgia law gives a hospital a lien for the reasonable charges for its care and treatment of an injured person against all causes of action accruing to that person on account of her injuries, and establishes a process for the hospital to perfect its lien for the amount claimed to be due." *Bowden v. Med. Ctr., Inc.*, 297 Ga. 285 (773 SE2d 692) (2015); see also OCGA §§ 44-14-470, 44-14-471. Once the lien has been perfected pursuant to OCGA § 44-14-471, "*no release of the cause or causes of action shall be valid or effectual against the lien unless the holder thereof shall join therein or execute a release of the lien*." (Punctuation omitted; emphasis supplied.) *Southern Gen. Ins. Co. v. Wellstar Health Sys.*, 315 Ga. App. 26, 30 (1) (726 SE2d 488) (2012) (citing OCGA § 44-14-473 (a)). Moreover, the hospital may enforce the lien with an action against the person liable for the injury, or that person's insurer. Id.; see also OCGA § 44-14-473 (a).

(a) *Enforceability of the Lien*. In this case, GEICO and Progressive do not contest that Tift Regional perfected its hospital lien. What is left, then, is the enforceability of the lien. Because the lien had been perfected, Georgia law allowed Tift Regional to seek satisfaction of the lien from GEICO and Progressive. See OCGA §§ 44-14-470, 44-14-471, 44-14-473 (a). Moreover, because Tift Regional did not consent to a release of its lien, the settlement agreements obtained by GEICO and

6

Progressive did not resolve the lien or render it ineffective. See OCGA § 44-14-473 (b) ("No release . . . which is made before or after the patient was discharged from the hospital . . . shall be effective against the lien perfected in accordance with Code Section 44-4-471, if such lien is perfected prior to the date of the release . . . unless consented to by the lien claimant[.]").[8] It follows that Tift Regional's hospital lien is enforceable against GEICO and Progressive.

(b) *Standing to Assert Promissory Estoppel Defense by GEICO and Progressive.* Without expressing it in such terms, Tift Regional essentially contends that GEICO and Progressive lack standing to assert the defense of promissory estoppel because the defense is personal to Schofill.[9] However, Tift Regional failed to raise this argument in the trial court, and we will not consider it now.[10] See *White*

---

[8] The second clause of OCGA § 44-14-473 (b), which addresses the preparation of an affidavit by the injured party as a means to resolve the lien, is not implicated as the record contains no such affidavit.

[9] That Schofill spent the settlement proceeds from GEICO and Progressive is, at least at this point, immaterial; rather, the threshold question before us is whether Tift Regional had the right to enforce its lien against GEICO and Progressive. The subsequent question — whether GEICO and Progressive successfully shifted their risk to satisfy the lien to Schofill in their respective releases — is the subject of their third party complaint still pending in the trial court.

[10] In its reply brief, Tift Regional contends, without citation to the record, that it "stated in its [Reply in Support of Motion for Summary Judgment] that Appellees

7

*Oak Homes, Inc. v. Community Bank & Trust*, 314 Ga. App. 502, 504 (2) (724 SE2d 810) (2012) ("An appellate court will not consider an issue raised for the first time on appeal, because the trial court has not had the opportunity to consider it.") (citation and punctuation omitted).

(c) *Merit of Promissory Estoppel Defense*. Next, Tift Regional contends that the trial court erred in finding a genuine issue of material fact exists as to whether Schofill detrimentally relied upon Tift Regional's statement that she qualified for "free financial assistance." Because the proper focus of the inquiry is whether the *insurers* relied upon statements by Tift Regional, however, we agree.

"In order to make out a claim or defense of estoppel, the party claiming estoppel must show that (1) the promisor made certain promises; (2) the promisor should have expected that the party would rely on the promises; and (3) the party relied on those promises to its detriment." (Citation and punctuation omitted.)

---

sought to rely on a purported defense of Alana Schofill[,]" and that "[t]his is sufficient to raise the issue below. . . ." This is incorrect, because Tift Regional's reply in the trial court focused upon the relative merits of the defense, rather than the insurers' standing to assert it. Even were we to accept Tift Regional's characterization of its reply brief, however, its standing argument was not supported by citations of authority or meaningful argument. See, e.g., *Cawthon v. State*, 350 Ga. App. 741, 744 (1) (a) (830 SE2d 270) (2019) (noting that legal analysis should include, "at a minimum, a discussion of the appropriate law as applied to the relevant facts") (citation omitted).

*Thompson v. Lovett*, 328 Ga. App. 573, 578 (3) (760 SE2d 246) (2014); see also

OCGA § 13-3-44 (a). In this case, the record does not indicate that Tift Regional ever

made a promise to the insurers. See, e.g., *Owens v. American Refuse Sys.*, 244 Ga.

App. 780, 782 (3) (536 SE2d 782) (2000) ("Absent a unilateral promise, promissory

estoppel does not apply[.]"). Moreover, the insurers do not assert that they relied on,

or were even aware of, any promise to Schofill prior to executing their releases with

her. Furthermore, Tift Regional seeks to collect from the insurers rather than Schofill,

which is the appropriate procedure pursuant to OCGA § 44-14-473 (a). And as we

have mentioned, Tift Regional has not released the hospital lien. See OCGA § 44-14-

473 (a). Under these circumstances, GEICO and Progressive cannot demonstrate that

promissory estoppel bars any claims *against them*, as opposed to Schofill, and the

trial court erred in denying Tift Regional's motion for summary judgment as a

result.[11]

In a similar case, we affirmed the grant of summary judgment in favor of a

hospital against an insurer after the insurer settled with the patient for the policy

limits, but failed to satisfy the hospital lien as part of the settlement. See *Southern*

---

[11] The question of whether Schofill can establish promissory estoppel, based upon Tift Regional's statements, in her defense of the insurers' third-party complaint, is not presently before us.

9

*Gen.*, 315 Ga. App. at 34 (1). There, the patient refused to indemnify the insurance company for any outstanding hospital liens, and the insurer settled with the patient for the policy limits. Id. at 27-28. This Court held that the hospital was entitled to collect the hospital lien from the insurance company, and that the proper procedure for the insurance company should have been to pay the lien directly to the hospital from the settlement. Id. at 34 (1).

In sum, we conclude that Tift Regional retained its right to seek satisfaction of its lien from GEICO and Progressive after Schofill's settlements with the insurers. We further conclude that GEICO and Progressive's purported defense of promissory estoppel to the enforcement of Tift Regional's lien is unavailing given that they have not established that any promises were made to them. Therefore, we reverse the trial court's order denying Tift Regional's motion for summary judgment.

*Judgment reversed. McFadden, C. J., and Doyle, P. J., concur*.