**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 21, 2025**

# In the Court of Appeals of Georgia

A25A0753. STATE OF GEORGIA v. TF4 CAPITAL, LLC.

PIPKIN, Judge.

This appeal arises from an in rem civil-asset-forfeiture proceeding. The State of Georgia, through the District Attorney for the Cordele Judicial Circuit, challenges the trial court's grant of a motion to set aside. However, we agree with Appellee TF4 Capital, LLC that there is no indication in the record that the arguments that the State now raises on appeal were raised below; consequently, we affirm.

The record shows that on August 1, 2022, Peter T. Truong was traveling through Dooly County in a rented minivan when a Dooly County Sheriff's Deputy observed Truong following too closely behind another vehicle and initiated a traffic stop. After Truong admitted to being on probation and being in possession of several

thousand dollars, the deputy "ran his canine [officer] around the vehicle, and the dog alerted on the driver's side sliding van door." A subsequent search of the minivan revealed $363,331.00 in United States currency "in twelve bundles held together by rubber bands. There were five bundles in a large Air Jordan shoe box and seven bundles in a large brown paper bag, plus just over $7,000 in a green bank bag." Officers then conducted a "blind hide" of the currency, and the canine officer alerted to the box of cash, indicating the scent of illegal drugs. Given the canine's repeated alerts to the scent of illegal drugs, the manner in which the currency was packaged, and Truong's criminal history -- which included convictions for, among other things, racketeering, conspiracy to traffic in cannabis, and trafficking in cannabis -- the deputy concluded that the currency was proceeds of the drug trade and seized the money.[1]

In September 2022, the State filed a complaint in Dooly County Superior Court for the forfeiture of the currency. As to the legal basis for the forfeiture, the complaint alleged, in total, as follows:

> [the currency] is contraband and forfeitable to the State pursuant to the provisions of OCGA § 9-16-1 et seq. and § 16-13-49 in that [the currency] was directly or indirectly used or intended for use to facilitate

---

[1] The State acknowledges that no illicit controlled substances were recovered from the minivan.

2

a violation of the Georgia Controlled Substances Act or is proceeds derived or realized from a violation of the Georgia Controlled Substances Act.

Appellee subsequently intervened and answered, asserting that the cash belonged to the business and was a cash loan designated for the purchase of tanker trucks needed for an ExxonMobile over-the-road hauling contract. Following a bench trial, during which both parties presented extensive testimony and documentary evidence, the trial court entered a detailed order concluding that the State had met its burden of showing that the currency "was contraband and forfeitable to the State" because the money "was directly or indirectly used or intended for use to facilitate a violation of the Georgia Controlled Substances Act or is proceeds derived or realized from a violation of that Act."

Appellee timely filed two post-trial motions, a motion to set aside judgment and a motion for new trial. As relevant to this appeal, the motion to set aside asserted, among other things, that the State's complaint had failed to adhere to the strict pleading requirements set out in OCGA § 9-16-12 (a) because the complaint had failed to "allege the essential elements of the criminal violation which is claimed to exist[.]" Thus, Appellee asserted, the forfeiture proceedings were improper. The record before

3

us shows that the State did not file a response to the motion or to Appellee's motion for a new trial. Following a hearing on the motions, which was not transcribed, the trial court entered an order granting Appellee's motion to set aside. Relying on *Smith v. State*, 319 Ga. 352, 364-366 (3) (b) (903 SE2d 878) (2024), the trial court agreed with Appellee that the State's complaint was insufficient because it failed to either "recite language from any criminal statute setting forth the essential elements of a crime [or] . . . allege any facts constituting a crime."[2]

On appeal, the State challenges the grant of the motion to set aside, arguing that Appellee waived any claim as to the sufficiency of the State's complaint; that *Smith* is distinguishable from this case; and that the State cannot comply with OCGA § 9-16-12 (a) or *Smith* to "allege the essential elements of the criminal violation which is claimed to exist" because, the State asserts, this is "an illegal drug proceeds case" for which there are no elements. However, as correctly noted in Appellee's brief, there is nothing in the record before this Court reflecting what arguments -- if any -- the State raised below in response to Appellee's motion to set aside, and there is no indication that the trial court considered these arguments. Indeed, "in contravention

---

[2] *Smith* was decided after the bench trial and after the filing of Appellee's post-trial motions but before the motions hearing.

of our rules, [the State] has not shown how this enumeration of error was preserved for our review, nor has [the State] provided any relevant citation to the record showing that this claim of error was raised below."[3] *White Oak Homes v. Community Bank & Trust*, 314 Ga. App. 502, 504 (2) (724 SE2d 810) (2012); see also Court of Appeals Rule 25 (a) (5) (providing that an appellant's brief must "identif[y] how each enumerated error was preserved for review"). As we have explained countless times before, "[a]n appellate court will not consider an issue raised for the first time on appeal, because the trial court has not had the opportunity to consider it." (Punctuation and footnote omitted.) *White Oak Homes*, 314 Ga. App. at 504 (2). Accordingly, there is nothing for this Court to review.

Moreover, we have no trouble concluding that the trial court correctly applied *Smith* in this case. As the trial court accurately explained in its order, the Supreme Court of Georgia recently announced that

> OCGA § 9-16-12 (a)'s requirement that an in rem civil-asset-forfeiture complaint "allege the essential elements of the criminal violation which is claimed to exist" requires the State to include allegations that could

---

[3] The State has not filed a reply to Appellee's brief, nor has the State responded to Appellee's motion for "Damages for Frivolous Appeal" pursuant to OCGA § 5-6-6. While the State's poorly executed and disorderly appeal is concerning to this Court, we nevertheless deny Appellee's motion for damages.

withstand a general demurrer challenging the sufficiency of an indictment. . . . [T]hat means the civil forfeiture complaint must, at the very least, recite the language of the statute that sets out all the elements of the offense charged or allege the facts necessary to establish a violation of a criminal statute[.]

(Citations and punctuation omitted.) *Smith*, 319 Ga. at 364 (3) (a). Here, the State's in rem civil-forfeiture complaint, which merely avers that the United States currency is somehow related to violations of the Georgia Controlled Substances Act, fails to satisfy this requirement.[4]

For these reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*

---

[4] While the State seems to suggest that this case demands a different result because forfeiture was also sought pursuant to OCGA § 16-13-49 (b), OCGA § 16-13-49 (c) expressly provides that "[a]ny property subject to forfeiture pursuant to subsection (b) of this Code section shall be forfeited in accordance with the procedures set forth in Chapter 16 of Title 9 [i.e., the Georgia Uniform Civil Forfeiture Procedure Act, OCGA §§ 9-16-1 tp 9-16-22]," of which OCGA § 9-16-12 (a) is a part.